## SEABOARD AIR-LINE RAILWAY *v.* RANDOLPH.

1. Where a petition in an action of tort is brought against two defendants, and no service is perfected upon one of them, it may be amended by striking therefrom the one not served; and if this is done, without otherwise altering the language of the petition, all the substantial allegations of the petition will thereafter be read and understood as if there had been only one defendant originally.

2. The affidavit filed by the plaintiff with her petition in the present case was sufficient to relieve her of the necessity of paying the costs which had accrued against her in the two previous suits which she had brought upon the same cause of action and against the same defendants, and which had been dismissed. So far as her right to bring the present action is concerned, the question whether she, at the time she brought the second suit, had paid the costs which had accrued in the first, or made the prescribed affidavit in lieu thereof, is immaterial.

3. The petition set forth a cause of action against the defendant railway company upon which service was perfected in the case.

4. Where a suit is dismissed by the trial court, and a valid writ of error is sued out for the purpose of procuring a reversal of the judgment of dismissal, the statutory period of six months within which a suit which has been dismissed may be renewed, so as to prevent the cause of action

from being barred by the statute of limitations, does not run while such writ of error is pending.

5. After the petition was amended by striking therefrom one of the defendants named therein, the ground of the demurrer which alleged a misjoinder of parties defendant presented no question for consideration.

Submitted March 3,—Decided August 13, 1906.

Action for damages.  Before Judge Parker.  Glynn superior court.  July 15, 1905.

On January 27, 1905, Mrs. H. B. Randolph filed a petition against the Seaboard Air-Line Railway and the Brunswick and Birmingham Railroad Company, in which she sought to recover from the defendants damages for the homicide of her husband, which was alleged to have occurred on February 3, 1902, and to have been caused by the negligence of the defendants.  The petition alleged that the plaintiff had previously brought suit against the defendants, which suit was nonsuited by the court, and that the judgment of nonsuit was affirmed by the Supreme Court on August 12, 1904; that the plaintiff subsequently filed a second suit against the defendants, which was dismissed by her, and that with the petition in the present case she filed the affidavit required by law.  Attached to the petition was an affidavit by the plaintiff, setting forth her inability to pay the costs which had accrued in the two previous cases.  The Seaboard Air-Line Railway was duly served, but there was no service upon the Brunswick and Birmingham Railroad Company, nor any return as to that defendant by any officer authorized to make service.  The allegations of the petition with reference to the cause of action are sufficiently indicated in the opinion.  At the appearance term the Seaboard Air-Line Railway filed a demurrer, which was, by order of the court, set down to be heard and determined by the judge at chambers, on a named date.  When the case came on to be heard upon the demurrer, the Seaboard Air-Line Railway made a motion to dismiss the case for want of jurisdiction in the court to hear and determine the same, which motion was overruled.  Pending the hearing upon the demurrer, the plaintiff, by leave of the court, amended her petition, by striking therefrom the Brunswick and Birmingham Railroad Company as a party defendant.  The court overruled the demurrer, and the Seaboard Air-Line Railway excepted.

*Crovatt & Whitfield,* for plaintiff in error.

*Burton Smith* and *Krauss & Shepard,* contra.

COBB, P. J.   1. One ground of the motion to dismiss was, because the return term of the court for the case had adjourned without any service having been perfected upon the Brunswick and. Birmingham Railroad Company, or any return by any officer authorized to make service to account for the want of such service. After the court had overruled the motion, the plaintiff amended her petition by striking therefrom the Brunswick and Birmingham Railroad Company, as a party defendant.   She had a perfect right to do this after the court had overruled the motion to dismiss the case upon the ground above indicated.   She could amend her petition at any stage of the cause.   This court has held that even after the Supreme Court has decided that the trial court erred in overruling a demurrer to a petition, the force of the demurrer may be avoided by a proper amendment to the petition, before the remittitur from the Supreme Court is entered upon the minutes of the trial court.   *Thurmond* v. *Clark*, 47 *Ga.* 501; *Augusta Railway Co.* v. *Andrews*, 92 *Ga.* 706; *Savannah Railway Co.* v. *Chaney*, 102 *Ga.* 814; *Charleston Railway Co.* v. *Miller*, 115 *Ga.* 92.   It was held in *Sanford* v. *Bradford*, 45 *Ga.* 97, that, "In a joint suit against several, if one be not served, the plaintiff may dismiss as to the one not served; and if he go to the jury and get a verdict, the verdict is good against those served, though there be a failure to dismiss against the defendant not served.   The defect is a mere irregularity and does not make the judgment void."   So, where a petition in an action of tort is brought against two defendants, and no service is perfected upon one of them, it may be amended by striking therefrom the one not served; and if this is done, without otherwise altering the language of the petition, all the substantial allegations of the petition will thereafter be read and understood as if there had been only one defendant originally.   *Chattanooga Railroad Co.* v. *Whitehead*, 89 *Ga.* 190; *Chattanooga Railroad Co.* v. *Davis*, Ib. 708.

2. Another ground of the motion to dismiss was, because it did not appear from the petition that the costs which had accrued in the previous cases of which this case was the renewal had been paid, or that the affidavit required by law, in lieu of the payment of costs had been filed.   At the time of filing the suit now under consideration, the plaintiff filed the following affidavit:   "That she has been advised and believes that she has a good cause for recommenc-

ing her suit against the Seaboard Air-Line Railway, and the Brunswick & Birmingham Railroad Company, and that owing to her poverty she is unable to pay the costs which have accrued in said case. Petitioner has heretofore filed two suits in this case; this affidavit applies to each of them." The contention of the plaintiff in error is, "that, upon the bringing of the second suit, the plaintiff must either have paid the costs of the first case or filed the affidavit in lieu thereof at that time; and that the filing of an affidavit at the time of bringing the third suit, in lieu of the payment of costs, does not and can not dispense with the necessity of paying the costs or filing the affidavit at the time of bringing the second suit; and that the affidavit filed with the third suit can apply only to that particular case and not to the previous first and second dismissed cases." It matters not whether the plaintiff, before or at the time of bringing the second suit, paid the costs which had accrued in the first one, or in lieu thereof made the necessary pauper affidavit. If she did not, then, for that reason, the second suit was subject to dismissal, and it was dismissed by the plaintiff herself. Her failure to comply with the statute in question before bringing the second suit can not affect the validity of the third suit, if when it was brought she had complied with the statute upon the subject of the payment of costs. The question with which we are concerned here is, whether the statute invoked by the movant, in support of the motion to dismiss the petition, was complied with when the present action was brought. If it was, it makes no difference how many suits, upon this same cause of action, the plaintiff may have instituted after the dismissal of the first, without paying the costs in that case, or making the requisite pauper affidavit in lieu thereof. If she failed to comply with the statute in question before filing her second suit, she voluntarily paid the penalty for her failure so to do by dismissing that action. The affidavit which was filed by the plaintiff with the petition in the present case was sufficient to relieve her of the necessity of paying the costs incurred in the two previous cases before instituting this one. She swore that she had previously filed two other suits in this case; that, from her poverty, she was unable to pay the costs which had accrued in the case; and that this affidavit applied to each of the two previous cases brought by her.

3. There was no merit in the general demurrer. Counsel for

plaintiff in error, in their brief, contend that the petition set forth no cause of action, because it alleged that the engine which killed the plaintiff's husband was operated by the Seaboard Air-Line Railway, and was at the time upon the track of the Brunswick and Birmingham Railroad Company. In support of this contention, the cases of *Macon Railroad Co.* v. *Mayes,* 49 *Ga.* 355, *Chattanooga Railroad Co.* v. *Liddell,* 85 *Ga.* 482, and *Central Railroad Co.* v. *Phinazee,* 93 *Ga.* 488, are cited.    The first-mentioned decision holds: "Where a railroad company permits other companies or persons to exercise the franchise of running cars drawn by steam over its road, the company owning the road, and to which the law has entrusted the franchise, is liable for any injury done, as though the company owning the road were itself running the cars." The other cases cited are to the same effect. But this by no means relieves the active perpetrator of the injury of responsibility therefor to the person injured. If the plaintiff's husband was killed by the negligence of the Seaboard Air-Line Railway, it would be responsible in damages for his homicide, whether it killed him upon its own track or upon the track of some other railroad company; and the fact that she might, under the circumstances of the case, hold the other railroad company responsible for the damages inflicted, if she chose to do so, can make no difference.

Counsel for plaintiff in error further contend that the petition set forth no cause of action, because it shows that the deceased went upon the track, in front of an approaching engine, "and nowhere shows that he made any effort to ascertain if the track was clear, nor any effort whatever to avoid the danger and its result, and by all the allegations of said petition it appeared that the deceased, as a rational man, could have, by the exercise of the slightest care, avoided the killing." They further contend that "the company had the right to assume that he would not voluntarily place himself in danger, and to rely upon that presumption until the contrary appeared, and was then and not till then bound to make any effort to avoid the killing." The petition made the following allegations: Plaintiff's husband "was killed by the running of the locomotive, cars, and other machinery of the defendants," by being struck by their engine as he was crossing one of their tracks. At the time he was killed, he was crossing the track of the defendants on a private way, and "at a place where he had

a right to be, and where the public had a right to be." "Defendants were charged with knowledge of the fact that some one might and probably would be upon said track at any time." The deceased "was killed by the negligence of defendants and could not have avoided the result of defendants' negligence by the use of ordinary care." The "defendants were running the engine negligently and without proper care." "After defendants became aware of the presence of the deceased upon the track they negligently failed to stop their engine and negligently ran over and killed him." He "was seen from the engine of defendants by representatives of defendants as he approached the track. He was approaching the track in a slanting direction with his side and back towards the engine, a great distance in front of the engine. He was approaching the track so that he could not see the engine and did not know of its approach. Defendants saw him about to step upon the track and saw that he did not see the approaching engine, and knew of his danger and yet made no effort to stop until they were right on him. Deceased was killed near a public crossing, and the defendants failed to check and to continue to check, and failed to blow and continue to blow on approaching said crossing, all of which were acts of negligence on the part of defendants bearing upon and conducing to the death of deceased. Upon the engine of defendants there were two other persons besides the engineer and fireman, distracting the attention of the fireman and engineer from the proper exercise of their duties," and "that this condition existed constituted negligence on the part of defendants." There were allegations as to the age of the deceased at the time of his death, his earning capacity, etc. These allegations sufficiently set forth a cause of action, as against a general demurrer. *Crawford* v. *Southern Railway Co.*, 106 *Ga.* 870; *Ashworth* v. *Southern Railway Co.*, 116 *Ga.* 635; *Ballard* v. *Southern Railway Co.*, Ib. 644.

4. Another ground of the demurrer was, that the petition showed that the cause of action was barred by the statute of limitations. From the allegation of the petition as to the date when the plaintiff's husband was killed, the cause of action accrued on February 3, 1902. The petition does not disclose the date of the filing of the first suit by the plaintiff, and it could not be assumed, upon demurrer, that it was not filed in due time under the statute of limita-

tions.  We will say, however, that the petition clearly indicates
that the first suit was brought before the cause of action could have
been barred by the statute of limitations.  The petition alleged
that a nonsuit was granted by the superior court of Glynn county
in that case, and that the judgment of nonsuit was affirmed by
the Supreme Court on the 12th of August, 1904.  In other words,
the suit had been brought in the superior court, had reached the
trial term in that court, had been nonsuited and then brought to
the Supreme Court, to a term thereof not later than the March
term, 1904, where the judgment of the trial court was affirmed on
August 12, 1904.  It is obvious that that suit could not have been
brought on or after February 3, 1904, and, therefore, must have
been brought within two years after the cause of action declared on
accrued.  Counsel for the plaintiff in error do not contend that the
petition in the present case shows that the original suit was not
brought in time, but they contend that the period of six months after
the judgment of nonsuit in that case, within which the suit could
be renewed, so as to avoid the bar of the statute of limitations, began
to run against the plaintiff from the date of the judgment of the
superior court, and not from the date of the affirmance of that
judgment by the Supreme Court.  In support of this contention,
counsel cited *Allen* v. *Savannah,* 9 *Ga.* 286, and *Gilmore* v. *Georgia
Railroad Co.,* 93 *Ga.* 482.  It is true, as shown in those cases, that
when the judgment of a trial court is affirmed by the Supreme
Court, it takes effect, for most purposes, from the date when it was
rendered in the lower court.  But this is not true when the ques-
tion involved is, whether the suit in which the judgment was ren-
dered was, relatively to the statute of limitations, finally disposed
of when the judgment of the trial court excepted to was rendered,
or when that judgment was affirmed by the Supreme Court.  The
running of the statute is suspended during the pendency of a valid
writ of error.  The question now under consideration is controlled
by the principle which was applied in *Roach* v. *Sulter,* 54 *Ga.* 458,
wherein a bill of exceptions filed to a judgment of the city court
of Savannah, on the ground that the verdict was contrary to the
evidence, had been dismissed by the Supreme Court, and the party
complaining had, within three months of such dismissal, sued out
a certiorari to the superior court.  It was held that such certiorari
was sued out within the time allowed by the statute for such pur-

pose. Judge McCay, who delivered the opinion, said, that, until the dismissal in the Supreme Court "was had, the case "was not. finally disposed of by the city court. Its judgment was suspended, superseded by the writ of error;" and "the party had his three months from the dismissal to apply for his new proceeding." Under that decision, it is clear that the contention here, that the six months within which the plaintiff could renew her suit after the judgment of nonsuit, dismissing it, must be calculated from the date when such judgment was rendered in the trial court, and not from the date when it was affirmed by this court, is not sound. The principle ruled in *Roach* v. *Sulter* was fully recognized by this court when it affirmed the judgment of nonsuit rendered in the first suit brought by Mrs. Randolph against the plaintiff in error and the Brunswick and Birmingham Railroad Company. Upon call of that case in this court, a motion was made to dismiss the writ of error, upon the ground that after it had been sued out the plaintiff had filed another suit for identically the same cause of action, as shown by the certificate of the clerk of the trial court. It was held, that, as the plaintiff had "continued and preserved the original action by filing a bill of exceptions," the pendency of the first suit "may have been a good ground for abating the second, but the pendency of the second [could] not be used to abate the first;" and therefore the motion to dismiss the writ of error was overruled. *Randolph* v. *Brunswick & Birmingham Railroad Co.*, 120 *Ga.* 969, 971.

5. Another ground of the demurrer was, that there was a misjoinder of parties defendant. Whether this was true or not as to the original petition, it was not true after it was amended by striking therefrom the Brunswick and Birmingham Railroad Company, leaving the case to proceed only against the Seaboard Air-Line Railway, the plaintiff in error here. So the merits of this ground of the demurrer are not before us for consideration.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*