### 3098. SHEEHAN *v.* CITY COUNCIL OF AUGUSTA.

It not affirmatively appearing from the allegations of the petition for certiorari (which was a second application, brought within six months from the dismissal of the first) that the first certiorari was not dismissed on the merits, this court can not reverse the action of the judge of the superior court in refusing to sanction this second application.

DECIDED JANUARY 17, 1911.

Certiorari; from Richmond superior court—Judge Hammond. November 1, 1910.

*Garlington & Cozart,* for plaintiff in error.

*C. Henry Cohen,* contra.

POWELL, J. The plaintiff in error was convicted in the police court of the City of Augusta. He sought certiorari. The petition was filed, sanctioned, and answered. At the hearing the judge passed the following order: "Upon motion of the city attorney, dismissed." Within six months a petition seeking to renew the certiorari was presented, and sanction was refused.

We are not informed as to the ground upon which the first certiorari was dismissed. A certiorari may be dismissed for a variety of causes—either for causes affecting the merits or for causes not affecting the merits. If a certiorari is not meritorious, the judgment required by the Civil Code (1895), § 4652, is an order that it "be dismissed." There are some dismissals after which a certiorari may be renewed. Generally the certiorari is not renewable. Hence, one presenting a second application should cause it affirmatively to appear that the first application was dismissed for such a cause as that a renewal would be permissible. In this case the cause of dismissal does not affirmatively appear. Therefore, it is our duty to affirm the judgment of the court below; the presumption being in favor of the correctness of the judge's action in the matter. *Judgment affirmed.*