### 5393. GEORGIA RAILWAY AND POWER COMPANY *v.* J. M. HIGH COMPANY.

1. A petition for certiorari is a "case," within the ordinary signification of that term, and, under the Civil Code, § 4381, the case may be renewed within six months after dismissal.
2. The plaintiff in certiorari having taken an order requiring an answer to be filed, in accordance with a former decision of this court in this case, and the magistrate having thereupon filed an answer which the judge of the superior court held to be sufficient, and there being no exception to this holding, his ruling as to this matter became the law of the case.
3. The allegations of the petition for certiorari were sufficiently verified by an answer which referred to and adopted the answer of the magistrate to a former petition for certiorari, between the same parties, complaining of the same rulings, and containing statements practically identical with those of the pending petition, the superior court having granted an order allowing this irregular answer, and there being no exception to that order.
4. The question as to whether an employee is a laborer in such a sense as to exempt his daily, weekly, or monthly wages from the process of garnishment is determined by whether the major part of the services to be rendered as a whole by him under the contract consists of the performance of physical labor, or whether his employment principally depends upon the exercise of mental faculties; and in the application of this rule to a particular case, examination is to be directed to the time embraced in the duration of the contract as a whole, and not to segregated portions of it, examined apart from each other after a separation. In ascertaining whether the duties performed by an employee are mainly mental in their character, or physical, a contractual period of employment embracing a month can not be so divided that a minority of the

days on which the particular duties were mainly mental can be separated from other days, on which the duties to be performed were wholly physical, so as to adjudge that the wages earned on the days in which the employee was engaged in duties mainly mental were subject to the process of garnishment.

5. Under the ruling of this court in *High* v. *Georgia Ry. & Power Co.*, 12 *Ga. App.* 505 (77 S. E. 588), and in view of the order of the judge of the superior court, approving and accepting the irregular answer of the magistrate, the court erred in overruling the certiorari. The evidence demanded that the certiorari be sustained; and direction is given that the superior court pass an order sustaining the certiorari and entering a final judgment in favor of the garnishee.

DECIDED SEPTEMBER 23, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. November 6, 1913.

The petition for certiorari was by the Georgia Railway & Power Company. According to the allegations of the petition, the J. M. High Company obtained a judgment against one Ramey, and sued out process of garnishment, which was served upon the Georgia Railway & Power Company. Upon a traverse of the answer of the garnishee, only one witness testified. The only point at issue was whether the monthly wages of Ramey were exempt from garnishment, as was insisted by the garnishee. The justice of the peace held that a portion of the defendant's wages (sufficiently large to discharge the plaintiff's judgment) was subject to garnishment, and entered judgment against the garnishee for the amount of the judgment against the defendant. In the petition for certiorari exception is taken to the judgment against the garnishee, as being contrary to law and to the evidence. It appears, from the petition, that the same exception had been presented by the garnishee in a previous petition for certiorari, which, under a judgment of this court, was dismissed by the superior court because of the failure of the plaintiff in certiorari to take timely action in calling the court's attention to the magistrate's failure to answer at the first term. *J. M. High Co.* v. *Georgia Railway & Power Co.*, 12 *Ga. App.* 505 (77 S. E. 588). The judgment of the Court of Appeals, upon remittitur, was made the judgment of the superior court on March 31, 1913, and on April 29, 1913, the present petition for certiorari, brought in renewal of the former petition, was sanctioned; and on the same day the writ of certiorari issued, returnable to the July term, 1913, of Fulton superior court. At the July term, the magistrate having failed to answer, an order was passed

by Hon. W. D. Ellis, one of the judges of the Fulton superior court, extending the time within which the magistrate could file his answer, and allowing him until the September term, 1913, to file it, "subject to legal objection." At the September term, no answer having yet been filed, Hon. Geo. L. Bell, one of the judges of the Fulton superior court, on motion of counsel for the plaintiff in certiorari, issued a rule nisi, which was served on the magistrate, requiring him to show why he was not in contempt of court. On September 15, 1913, the magistrate filed an answer stating that "the trial resulted in the disposition of the cause as alleged," and that he had previously answered a certiorari in the same cause, sanctioned on July 17, 1912, by Hon. John T. Pendleton, judge of the Fulton superior court, and that the answer to that certiorari was a true answer to the present certiorari, and he asked that his previous answer be allowed as his answer in this case. When the case was reached in its order at the September term, 1913 (September 19), Judge Bell passed an order allowing this answer, counsel for both parties being present and no objection being made. On November 6, 1913, a motion to dismiss the certiorari, made by counsel for J. M. High Company, was overruled by Judge Pendleton; and there was no exception to this ruling. The motion to dismiss was on the following grounds: "(1) Because the same was not served on O. H. Puckett, J. P. of the 469th district G. M. [the magistrate whose judgment was complained of in the petition for certiorari], or service acknowledged or waived. The acknowledgment of service shown in the record in said cause refers only to the certiorari of date of July 17, 1912, being the certiorari sought to be renewed by the petition in above cause, and for this reason the order . . requiring said Puckett to answer is null and void and of no effect, and likewise the answer so filed by said Puckett is null and void and of no effect. (2) Said petition in above cause does not allege, nor does any exhibit or certificate thereto show, that the costs of the superior court on the original certiorari in said cause were paid at the time or prior to the petition, rebringing or renewing same; this prepayment of costs being a prerequisite of the law where a suit is brought over or renewed. (3) Said petition for certiorari should be dismissed for the further reason that the petitioner has not complied with the law relative [to] giving bond, in that the instrument purporting to be a bond is not

signed by an officer of said corporation authorized by law to sign such bonds. (4) Said petition for certiorari should be dismissed for the reason that no legal affidavit as required by law was made before the application or petition for certiorari was filed and the writ granted; the affidavit in said cause being sworn to before L. F. Wynne, the claim agent and an employee of said petitioner in certiorari. In support of this fact movant attaches hereto an affidavit of J. Y. Smith, an attorney at law of the Atlanta bar, which is marked exhibit 'A' and which speaks for itself. (5) Said petition should be dismissed because a motion was made on the 21st day of November, 1912, to dismiss the original certiorari, on the ground that no answer had been filed by the magistrate on the first day of the September term, 1912, to which term said certiorari was returnable, as required by law, and that (no further time had been given, and that) it was then too late at a subsequent term, to wit, at the November term, to take an order for said answer to be filed. Said motion was overruled by the court, and a judgment was rendered on said 21st day of May, 1912, sustaining the certiorari and reversing the judgment in the court below, from which said judgment of the Hon. J. T. Pendleton, judge of the superior court, the said J. M. High Co. sued out bill of exceptions to the Court of Appeals of Georgia, assigning error upon its motion to dismiss. The Court of Appeals in due course reversed the judgment of the Fulton superior court . . , and on the 31st day of March, 1913, Hon. J. T. Pendleton, judge of the superior court of the Atlanta circuit, signed an order or judgment making the judgment of the Court of Appeals the judgment of the superior court of Fulton county, . . in said cause, which put an end to said cause. Said first proceedings being made null and void by said judgment aforesaid renders the application to renew the same of no effect and void."

After the motion to dismiss the certiorari had been overruled, Judge Pendleton announced that "the answer was illegal, in that it referred to and adopted the answer in a former case." He refused to grant an order requiring the magistrate to amend and perfect the answer without reference to the previous case, and overruled the certiorari, on the ground that "the answer does not answer the allegations of fact in the petition, wherein it sets out the allegations of the witnesses." To these rulings the plaintiff in certiorari excepted.

*C. B. Rosser Jr., Colquitt & Conyers,* for plaintiff in error.

*L. F. McClelland, M. Herzberg,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) As will be seen from the statement of facts, the petition for certiorari now before us came up in turn before each of three judges of the superior court of the Atlanta circuit. On September 15, 1913, in response to an order requiring the magistrate to file an answer to the certiorari, he filed an answer which adopted, as his answer to this petition, the answer made by him in response to the writ issued on a previous petition for certiorari in the same case, the former petition being practically identical with the pending petition. The judge passed an order allowing this answer. This order can not be treated otherwise than as an adjudication by the superior court that the answer was sufficient, although its sufficiency depended largely upon the previous answer. Consequently, even if it be assumed that the court erred in allowing the answer to the former petition for certiorari to be adopted by mere reference to the files, in verification of the allegations of the pending petition, no exception to this was filed, and the question became res adjudicata, and thus the law of the case became fixed, whether the ruling on this point was correct or not. However, in *Harlow* v. *Rosser, 28 Ga.* 219 (perhaps the oldest adjudication on the subject), the Supreme Court held: "The allegations of the petition for certiorari were sufficiently verified by an answer which referred to and adopted the answer of the magistrate to a former petition for certiorari between the same parties, complaining of the same rulings, and containing statements practically identical with those of the pending petition, the superior court having granted an order allowing this irregular answer, there being no exception to that order."

Looking then to the allegations of the petition for certiorari, as verified by the answer thus adopted, it is only necessary to refer to one of the issues presented, because we deem the ruling upon this point absolutely controlling. The plaintiff traversed the garnishee's answer that it was not indebted to the defendant. The basis upon which the answer to the garnishment rested was the allegation that the defendant was a laborer, and that for this reason his wages were exempt from garnishment. Evidence on this point was heard in the justice's court; and it is plain, from the undisputed evidence, that by far the major portion of the defendant's

duties were physical in their nature. There were, perhaps, a few days in the month upon which, in examining or reading meters, the mental labor might be said to have preponderated over the manual, in the classification of the labor performed by him. The magistrate separated the days in which the defendant labored in repair work from the days when he was employed in reading meters, and held that in the proportion in which the defendant's service was represented by the days on which he read the meters, his wages were subject to garnishment; thus sustaining the traverse to that extent. As has been frequently held, in determining whether an employee is such a laborer as that his monthly wages are exempt from garnishment, the court should ascertain whether, in the performance of his duties, mental labor or physical labor predominates; and this inquiry is addressed to his services as a whole, in view of the purpose of his employment, and with relation to his employment as a whole, without regard to any division or separation as to time. See *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300); *Howell* v. *Atkinson,* 3 *Ga. App.* 58 (59 S. E. 316). For instance, if a clerk in a store, in handing out goods, helping to load delivery wagons, or packing and unpacking goods, should be employed for a portion of the day in some strictly mental task, it is not contemplated that the day shall be divided and the proportion between the period of time employed in physical labor and that period during which mental duties predominates shall be reached; but if it appears that the greater portion of his time is employed in manual labor, the nature of his employment would be determined by the character of the major portion of his duties, without any apportionment of the time required for the discharge of the different and distinct duties. *Pike* v. *Sutton,* 115 *Ga.* 688 (42 S. E. 58). In other words, the solution of the question as to whether the mental or the physical predominates should be determined, as a matter of fact, by relation to the entire contract. The magistrate in the present case divided the contract with reference to the particular duties performed on different days, whereas the rule of law requires that the contract as a whole shall be classified according to whether mental or purely physical labor predominates.

According to the facts shown by the answer allowed by the court, without timely exception, as the answer to the certiorari, the de-

fendant's wages were not subject to garnishment, and for that reason the trial judge erred in overruling the certiorari. The judgment is reversed with direction that the superior court enter a final judgment in favor of the plaintiff in certiorari.

*Judgment reversed, with direction. Roan, J., absent.*