31363. TOLER, administrator, *v.* GOODIN.

Decided November 7, 1946.

470

474

Jule Felton, D. R. Pearce, for plaintiff in error.

B. F. Neal, Jared Bull, contra.

GARDNER, J. ■ We are asked to transfer this case to the Supreme Court, for the reason that such court and not the Court of Appeals has jurisdiction to pass upon the assignments of error. As to this we disagree. While it is true that the original petition against the defendant was an equitable proceeding of "virtual adoption" of the plaintiff, in accordance with a contract between her father and the C. J. Tolers, and to declare her the sole heir entitled to the inheritance of the estate in question, the purpose for which this petition was brought has ended. There remains under the record no issue of an equitable nature. Whether the court erred in disallowing the motion in question, is purely a legal question without any equitable principle whatsoever involved. See *Martin* v. *Home Owners Loan Corp.,* 198 *Ga.* 288 (31 S. E. 2d, 407) ; *Rogers* v. *Miller Peanut Co.,* 199 *Ga.* 835 (35 S. E. 2d, 469). These very recent decisions conclude this contention against the plaintiff.

■ ■ The law of our State contemplates that, upon the death of a resident, the estate of such deceased shall be administered through the court of ordinary of the county of the residence of the deceased at the time of his death. No other court has authority to interfere with such administration except the superior court

under certain specific instances. Code, § 24-112, provides: "Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, insofar as the rights of the parties are concerned, but not so as to prejudice third persons."

It will thus be seen that the provisions of this section deny to the defendant the right to consent that the Superior Court of Pulaski County take jurisdiction of the administration of the estate, unless in an instance where the law confers upon the superior court the authority to take jurisdiction. This seems to be a wise provision of our law, particularly as applied to the administration of the estate of a deceased person. Generally the deceased has had his dealings with persons in the county of his residence, and it is there where they may most conveniently transact with the administrator the affairs which they commenced with the deceased during his lifetime. We can not conceive that this rule should be varied in the instant case, simply because there was a judgment in the Superior Court of Pulaski County, against the defendant in his representative capacity, that the plaintiff was the sole heir entitled to inherit this estate rather than the three brothers of the deceased. After this question was determined, the question of fixing attorneys' fees, commissions, and other expenses of administration still remained. It is conceivable that there may still be other creditors. All of these matters under our law are peculiarly and generally within the jurisdiction of the court of ordinary, and not the superior court except in specific exceptions. The Code, § 37-403, provides: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests."

The original petition which is the basis of this litigation was not an application of the representative for construction or direction or for marshaling the assets, or an application of any person interested in the estate where there is danger of loss or other injury to his interest. The subject-matter of the petition in the instant case was for a decree for inheritance, based on "virtual-adoption" proceedings. In this respect the plaintiff was dealing with the de-

476

fendant in his representative capacity as she would have dealt with an individual in some other kind of action for specific performance. The prayers of the petition were germane only as to the subject-matter. Again, Code, § 113-2203, provides: "A court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administrators." Under the original petition, it can not be remotely contended that the prayers were for an accounting. See *Spencer* v. *Brown,* 198 *Ga.* 566 (3) (32 S. E. 2d, 297), wherein the court said: "Nor can it be maintained as a petition in equity for accounting against an administratrix, for the reason that it is not one for accounting."

Other than the exceptions above mentioned, the administration of estates can not be taken from the court of ordinary of the county of the residence of the deceased. This being true, of course it follows that the defendant could not give jurisdiction to the Superior Court of Pulaski County by consent.

■ A court of equity takes jurisdiction of matters germane to the subject-matter only. Where, as here, a proceeding based on "virtual adoption" for the purpose of declaring the plaintiff entitled to inherit property, which we may hereinafter refer to as specific performance, is instituted against the administrator, and no other equitable relief is prayed, and where the allegations of the petition and the evidence in support thereof pertain only to such subject-matter, the defendant administrator is without authority of law to transfer by consent the further administration of the estate from the court of ordinary to the superior court. The Code (Ann.), § 37-105, provides: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties *in reference to the subject-matter of the suit,* provided the court has jurisdiction for that purpose." (Italics ours.) See annotations under · this section also. Of course, in a petition falling under one of the exceptions, setting up a proper case, the allowance by a court of equity of the costs of the administration would come within the objects of the suit where the superior court is authorized. See *Adair* v. *St. Amand,* 136 *Ga.* 1 (70 S. E. 578), particularly headnote 6. But where, as here, the subject-matter of the suit is to have the plaintiff declared the sole heir of the deceased Tolers, no such action is instituted as would authorize the superior court to assume juris-

diction and wind up the estate by fixing the costs of administration. In a similar situation, in *McKinney* v. *Powell,* 149 *Ga.* 422, 430 (100 S. E. 375), the Supreme Court very pertinently in the course of its opinion remarked: "The claims made in the petition for the allowance of extra compensation for services rendered by petitioner as administrator and for the attorney's fees which it is alleged were necessarily incurred in protecting the estate and defending it in the protracted litigation, are *questions peculiarly within the jurisdiction of the court of ordinary,* and they can there be determined and allowed in accordance with the facts." (Italics ours.) Therefore it seems clear to us that, when it was finally determined in the Superior Court of Pulaski County that the plaintiff was the sole heir of the deceased Tolers, the authority and equitable jurisdiction of that court ended, and the Court of Ordinary of Macon County should have been so instructed in order that it could then proceed to a final administration of the estate as the law provides in such cases. For the Superior Court of Pulaski County to go further than this, was exceeding its jurisdiction under the facts of this case, notwithstanding that the defendant administrator had attempted to confer jurisdiction on the superior court by consent. It must be remembered that in such a case as here the ordinary, who under the law properly assumed jurisdiction in the first instance, was entitled by virtue of his office to complete the administration, unless he was deprived thereof in some manner of law provided in the exceptions heretofore mentioned.

■ We are not unmindful of the latter provision of the Code, § 24-112, that "it [meaning jurisdiction] may, however, be waived insofar as the rights of the parties are concerned, but not so as to prejudice third persons." We do not construe this provision to mean that an administrator can by a waiver effectuate the transfer of jurisdiction from the court of ordinary to the superior court to finish the administration of an estate. He is first amenable to and is an officer, so to speak, of the court of ordinary from which he received his authority. It appears from the record in this case that there was little else to do save fix the attorney's fees, the commissions, compensation, and other costs of administration, make a distribution, and grant a final discharge. Still on the other hand, if jurisdiction could thus be transferred from the court of ordinary to the superior court in this case, there would be no reason why,

once a superior court took charge of an equitable phase arising in the administration of an estate, and much more was to be done toward the final administration than appears in the instant case, jurisdiction could not likewise as well be transferred from the court of ordinary and be assumed by the superior court. This, it occurs to us, would be a bad precedent and unauthorized by law.

In the instant case, while it is true that the jury found the plaintiff to be the sole heir at law of the deceased Tolers and entitled to inherit the proceeds of the estate, "less expenses of the administration of the estate to be hereafter determined by this court," and the court entered a judgment following the verdict, the expenses of the administration of the estate were never passed upon by the Superior Court of Pulaski County. And before the court did pass upon them, the defendant through his attorney offered an amendment to his original answer. The effect of this was to strike from the original answer all attempts to transfer jurisdiction of the administration of the estate from the Court of Ordinary of Macon County to the Superior Court of Pulaski County. This proffered motion sought only to strip the answer of all foreign allegations concerning the subject-matter, and resulted in a motion to have the court remand or refer the further administration of the estate to the Court of Ordinary of Macon County. This motion was denied. In this we think that the court erred. In our opinion the administration of the estate, after the adoption proceedings were terminated, should have been referred to the Court of Ordinary of Macon County for final administration, regardless of whether or not any such motion or purported amendment should have been filed. It must be kept in mind that, when the case was in the Supreme Court, the Superior Court of Pulaski County had not acted upon the question of expenses of administration, and therefore the subject-matter with which we are now dealing was not before the Supreme Court for consideration or determination. We have examined the original record, of file in the clerk's office, case No. 15301. There was no consideration by the Supreme Court as to whether the Superior Court of Pulaski County had jurisdictional authority to determine the expenses of administration. Indeed that superior court has not yet done so, and we think has no jurisdiction to do so. No assignment of error was or could have

been based upon the question now before us. Hence, the Supreme Court could not pass upon it.

The judgment of the superior court, in denying the proffered motion and refusing to permit the Court of Ordinary of Macon County to fix the costs of administration, was error.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*