33821.  PORTER *v.* EMPLOYERS LIABILITY INSURANCE Co. *et al.*

WORRILL, J.  The right to have an award by the Workmen's Compensation Board reviewed by the superior court is restricted by the Workmen's Compensation Act to the method therein prescribed (*Macon* v. *United States Fidelity &c. Co.,* 41 *Ga. App.* 774, 154 S. E. 702), which is by appeal "to the superior court of the county in which the injury occurred." Code § 114-710.  Hence, where an injury occurs in Walton County and an award of the Workmen's Compensation Board is appealed to the Superior Court of Fulton County, that court is without jurisdiction of the subject-matter and its judgment is void.  This is true although both parties appeared and failed to object, since they may not by consent express or implied give jurisdiction to the court as to subject-matter when it has none by law.  Code § 24-112; *Little* v. *McCalla,* 20 *Ga. App.* 324, 325 (5) (93 S. E. 37); *Toler* v. *Goodin,* 74 *Ga. App.* 468, 475 (40 S. E. 2d, 214).  "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it."  Code § 110-709.

*Judgment reversed.  Sutton, C. J., and Felton, J., concur.*

DECIDED JANUARY 23, 1952—REHEARING DENIED FEBRUARY 28, 1952.

*McFarland & Cooper,* for plaintiff.
*Haas & Hurt, Rex T. Reeves,* for defendants.