35093. GEORGE WASHINGTON LIFE INSURANCE CO. *v.* PEACOCK.

DECIDED JUNE 23, 1954.

*Geo. M. Johnston,* for plaintiff in error.

*Ralph U. Bacon, W. Roscoff Deal,* contra.

NICHOLS, J. Generally, constitutional and statutory provisions for venue confer a personal privilege upon defendants and do not limit the jurisdiction of courts having general jurisdiction; and if a defendant waives his right to be sued in the venue provided by law, he cannot afterwards attack the judgment rendered. *Slaughter* v. *Thompkins, Dudley* 117; *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (90 S. E. 958); *Davis Construction Co.* v. *Albany Produce Co.,* 31 *Ga. App.* 72 (119 S. E. 459). Appearing and pleading to the merits without objecting to the venue of the suit or reserving the right to do so is a waiver of the right to be sued in the place provided by law. *Ray* v. *Hicks,* 146 *Ga.* 685 (92 S. E. 48); *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (3) (48 S. E. 228). It is only where improper venue is shown by the petition, and where the defendant has not waived his right to object by filing a plea, answer, or demurrer on the merits, that he may move to dismiss the proceeding at any time.

*McConnon & Co.* v. *Martin,* 33 *Ga. App.* 392 (1) (126 S. E. 272). And a defendant cannot later withdraw his plea to the merits and move to dismiss the petition on the ground that it does not show the proper venue. *East Tenn., Va. & Ga. Ry. Co.* v. *Suddeth,* 86 *Ga.* 388 (12 S. E. 682).

There are some mandatory and exclusive provisions for the county in which certâin actions must be brought, and these provisions may not be waived, since they operate to limit the jurisdiction of a court over the subject matter. See, for instance, *Porter* v. *Employers Liability Ins. Co.,* 85 *Ga. App.* 497 (69 S. E. 2d 384), and Code § 114-710; also Code § 94-1101, as applied in *Summers* v. *Southern Ry. Co.,* 118 *Ga.* 174, 175 (45 S. E. 27), and in *Central of Ga. Ry. Co.* v. *Dowe & Co.,* 6 *Ga. App.* 858 (1) (65 S. E. 1091). But, before the amendment of the latter section in 1892, its terms were held to be permissive and cumulative as to venue, and not exclusive. *Williams* v. *East Tenn., Va. & Ga. Ry. Co.,* 90 *Ga.* 519 (16 S. E. 303).

Code § 56-601 provides in part: "Whenever any person shall have any claim or demand upon any insuarnce company having agencies or more than one place of doing business, such person may institute suit against the company in the county where," etc. Code (Ann. Supp.) § 22-1509 (Ga. L. 1946, p. 687, 689) provides: "A foreign corporation, doing business in this State, and which does not maintain a place of business or agent in this State upon whom service may be perfected, shall be suable hereunder in any county of this State in which," etc. The Code section construed in the *Williams* case and held to be permissive as to venue declared that "all railroad companies shall be liable to be sued in any county in which the cause of action originated"; and the language of Code § 56-601 and Code (Ann. Supp.) § 22-1508 is no more restrictive than this provision was.

The petition in this case first alleged that the defendant is a foreign insurance company having an agent in Fulton County. The amended petition shows only that the defendant is a foreign insurance company which had appointed an agent in Fulton County specifically for the acceptance of service of process, in conformity with Code § 56-603. See *Export Ins. Co.* v. *Womack,* 165 *Ga.* 815 (142 S. E. 851). There are no allegations as to where the contract of insurance was made or to be performed, or

in the amended petition, as to the defendant's having an agency or place of business in this State, or even doing business in this State. The petition, before or after amendment, did not affirmatively show that the suit was properly brought in Bulloch County, under either Code § 56-601 or Code (Ann. Supp.) § 22-1509, which are both permissive and not exclusive as to venue.

However, the defendant waived its right to object to the venue by filing its answer, in which it denied liability under the terms of the policy sued on, without objecting to the venue by timely plea or motion, and without reserving its right to do so. The court did not err in denying the defendant's motion to dismiss the case.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*