## 54843. SCHAFFER v. CITY OF ATLANTA.

BELL, Chief Judge.

The Municipal Court of Atlanta ordered the closing of appellant's business because it was a nuisance. A petition for writ of certiorari was sanctioned by the Superior Court of Fulton County and filed in the clerk's office on March 9, 1977. The record fails to show the date that a copy of the petition and the writ was served on the respondent judge as required by Code § 19-210. On June 15, 1977, no answer having been filed by the respondent, the appellee city moved to dismiss the writ. Two days later on June 17, 1977, the respondent filed an answer. The superior court thereafter granted appellee's motion to dismiss the case for the failure of the respondent to answer "on or before the appearance day" as required by Code § 19-209. The superior court recited in its order of dismissal that appellant had at "no time filed any motions or applied for any orders designed to have such answer produced, such answer being filed after the appearance date and after said motion of the city was filed." *Held:*

It is argued that the absence of a notation in the record as to when service was made would authorize a holding that the answer "may very well" have been filed within 30 days after service of petition and writ. While the record does not affirmatively show the date of service, the superior court's order does state that the answer was filed *after the appearance date.* Code § 19-209 states that the "appearance day" shall be 30 days after service on the respondent. There is a presumption that the judgment

below was correct. *Williams v. Wilhoit,* 142 Ga. App. 4 (234 SE2d 860). It is the burden of the appellant in asserting error to show it by the record. *Smith v. Forrester,* 132 Ga. App. 426 (208 SE2d 199). In the absence of any showing to the contrary, we must conclude that the respondent was served and did not file an answer within 30 days after service. Code §§ 19-209 and 19-301. As the appellee's motion to dismiss preceded the filing of the late answer, the dismissal was correct. *Allison v. City of Atlanta,* 109 Ga. App. 114 (1) (135 SE2d 524); *Yield v. City of Atlanta,* 144 Ga. App. 637. Code § 19-403 allowing a certiorari proceeding to be amended at any stage "as to matters of form or substance," etc. does not apply to the filing of a late answer. *Yield v. City of Atlanta,* supra.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED JANUARY 18, 1978 — REHEARING DENIED FEBRUARY 7, 1978 —

*Glenn Zell,* for appellant.
*Mary Welcome, Solicitor, Paul L. Howard, Deputy Solicitor,* for appellee.