## 57327. SCHAFFER v. CITY OF ATLANTA.

DEEN, Chief Judge.

The appellant Barbara Schaffer, d/b/a Love Machine, whose business was closed as a public nuisance by the Municipal Court of Atlanta, timely applied for certiorari to the Superior Court of Fulton County. The writ issued, the magistrate was ordered to respond but failed to do so until after the city had moved to dismiss. That motion was granted and this court affirmed the dismissal on January 18, 1978. *Schaffer v. City of Atlanta,* 144 Ga. App. 702 (242 SE2d 288) (1978). Certiorari to the Supreme Court was denied June 29, 1978.

A second application for writ of certiorari to the Superior Court of Fulton County was filed on August 22, 1978. The motion to dismiss this writ was granted on the ground that the prior dismissal "constitutes a ruling on the merits by virtue of what was and what was not stated in the order, and thereby bars the filing of a second petition for certiorari in the same matter." From this ruling the defendant appeals. What was stated in the

order of July 21, 1977 (the prior dismissal) was that the dismissal was granted because "the writ of certiorari was not answered by the respondent (Magistrate) on or before the appearance day... and petitioner had at no time filed any motions or applied for any orders designed to have such answer produced." The defendant appeals from the second order of dismissal.

1. In *Yield v. City of Atlanta,* 144 Ga. App. 637 (242 SE2d 478) (1978) certiorari dismissed, 241 Ga. 593 (247 SE2d 764) (1978), it was held that the burden is on the applicant for certiorari to cause the magistrate's answer to be filed within 30 days of service upon him as required by Code § 19-209. Justice Hill, dissenting from the dismissal of the writ of certiorari issuing from the Supreme Court, complained, "We should retain this case and decide the petitioner's claims on their merits, if any." The denial by the Court of Appeals of a motion to dismiss the *Yield* case in that court (Id., p. 638, hd. 1) on the ground that the "substance of the motion involves the merits of the order of the trial court in dismissing the writ of certiorari" refers only to actions of the *superior* court judge. The motion was made on the dual grounds that the enumerations of error were not ruled on in the superior court and that no error was raised on which a ruling could be granted. These grounds, in the motion to dismiss filed in the Court of Appeals, referred only to the late filing of the magistrate's response which the City of Atlanta successfully contended was a ground for dismissal of the certiorari in the superior court. Thus, the merits of the final order of the superior court referred to the technicality of when the magistrate's response must be filed, not the merits of the case which seeks a ruling reversing the magistrate's decision that the defendant's business constitutes a nuisance. No appeal from this final judgment has yet been considered *on its merits.*

2. "Under the decision of the Supreme Court in *Clark v. Newsome,* 180 Ga. 97 (178 SE 386), a plaintiff who has had his action dismissed other than on the merits may refile within six months under Code § 3-808 where the original action was not barred by the statute of limitation." *Covil v. Stansell,* 113 Ga. App. 179 (3) (147 SE2d 479) (1966). That this ruling applies to applications

for a second writ of certiorari from an inferior judicatory, where the first has been dismissed for a reason not affecting the merits, and the second is filed within the 6-month period for renewal, see *Turner v. State,* 85 Ga. App. 609 (70 SE2d 45) (1952); *Jameson v. State,* 50 Ga. App. 111 (176 SE 903) (1934).

In support of this position, special attention is called to *Singer Sewing Machine Co. v. Dacus & Co.,* 22 Ga. App. 297 (2) (95 SE 998) (1918), holding that "where a certiorari has been dismissed solely upon the ground that material allegations in the petition were not verified *by the answer of the trial magistrate,* the certiorari could be renewed within six months from the date of its dismissal." It is obvious that if a certiorari petition has not been decided on its merits because certain answers were not verified by the trial magistrate, a fortiori, where no answer at all is filed by the magistrate there is no decision on the merits and the dismissal on this ground is error.

3. When a case is dismissed in the trial court under circumstances which will allow it to be refiled within six months under Code § 3-808, the time during which the original ruling is on appeal, if any, is not to be counted in determining the six-month statute of limitations. *Seaboard Air-Line R. v. Randolph,* 126 Ga. 238 (4) (55 SE 47) (1906); *Central of Ga. R. Co. v. Macon R. &c. Co.,* 140 Ga. 309 (78 SE 931) (1913). Accordingly where, as here, the ruling of the magistrate was certioraried to the superior court and there dismissed and a timely appeal made to the Court of Appeals, which affirmed the dismissal, and application for writ of certiorari from that judgment was denied by the Supreme Court on June 29, 1978, the present appeal, which was commenced by the filing of a second application to the superior court for writ of certiorari on August 22, 1978, was timely filed. The dismissal by the judge of the superior court on the erroneous ground that the merits of the appeal had previously been decided must be reversed.

*Judgment reversed. Shulman, Birdsong, Underwood and Carley, JJ., concur. Quillian, P. J., McMurray, P. J., Smith and Banke, JJ., dissent.*

SUBMITTED MARCH 7, 1979 — DECIDED JULY 10, 1979 —

4

*Glenn Zell,* for appellant.
*Andrew J. Hairston, Solicitor, Paul Howard, Jr., Deputy Solicitor,* for appellee.

McMurray, Presiding Judge, dissenting.

On March 2, 1977, Barbara Schaffer, d/b/a Love Machine, had her business closed after a judgment of nuisance and abatement was issued against her by the Municipal Court of the City of Atlanta, Georgia. A petition for certiorari was brought to the Superior Court of Fulton County. The municipal court failed to respond to said writ of certiorari within the time provided by law, and the writ was dismissed. That judgment was affirmed by this court in *Schaffer v. City of Atlanta,* 144 Ga. App. 702 (242 SE2d 288).

Contending that there had been no ruling on the merits by reason of the failure of the Municipal Court to respond to the writ, a second petition for certiorari was brought raising the same attacks as were made in the original petition. The writ was sanctioned by the superior court.

Whereupon, a motion to dismiss the renewed second application for writ of certiorari was filed, heard and granted, the court concluding as a matter of law that the dismissal constituted a ruling on the merits after this court had affirmed the dismissal and the Supreme Court of Georgia had thereafter denied an application for a writ of certiorari.

On appeal of the superior court's decision to this court the majority holds that since there was no ruling on the merits of the applicant's certiorari, same having been dismissed for the failure of the municipal court to respond, the plaintiff was authorized to renew her application within six months under Code § 3-808 where the original action was not barred by the statute of limitations, citing Code § 3-808 and *Covil v. Stansell,* 113 Ga. App. 179 (3) (147 SE2d 479), and the cases of *Turner v. State,* 85 Ga. App. 609 (70 SE2d 45) and *Jameson v. State,* 50 Ga. App.

111 (176 SE 903). The majority ruling is that the second application was timely filed, and the superior court erred in dismissing it on the erroneous ground that the merits of the appeal had previously been decided. The majority reverses the judgment. To this I cannot agree.

The plaintiff-applicant has had her day in court and appealed same all the way to the Supreme Court of Georgia. The basis of the action in the municipal court was the abatement of a nuisance, and the business has been ordered closed. In my opinion, the majority has misconstrued the decisions cited with reference to the binding effect of the decision after the appeal procedure has been exhausted. The case of *Jameson v. State,* 50 Ga. App. 111, supra, rather than supporting the majority, is an affirmance of the dismissal by the superior court. That decision cites *Sheehan v. City Council of Augusta,* 8 Ga. App. 539 (69 SE 916), which is also authority to affirm the superior court here. The *Sheehan* case states that there are some dismissals as to which a certiorari may be renewed but that generally, "the certiorari is not renewable." It is my opinion that the decision here is not one which would authorize a renewal. The case of *Turner v. State,* 85 Ga. App. 609, supra, is also authority for the affirmance of the superior court in the case sub judice. The *Turner* case states that the plaintiff in certiorari has a duty to discover that no answer has been filed by the magistrate and that if same is not filed it is the duty of the plaintiff in certiorari to obtain an order requiring such answer to be filed within some specified time citing a number of cases in support of its ruling. It therein states that if no answer is filed the whole procedure is void.

However, Judge Townsend in a special concurrence cites two cases which he contends would authorize a renewal for the petition of certiorari within six months after dismissal. The case of *Georgia R. &c. Co. v. J. M. High Co.,* 15 Ga. App. 243 (2, 3) (82 SE 932), shows that decision to be based upon the establishment of the law of that case and further that the subject matter of that proceeding was garnishment of wages of a laborer who contended that his wages were exempt from garnishment. Garnishment of wages is an on-going proceeding which in itself can be renewed as to additional wages becoming due

and payable in the event the attachment is not satisfied by the garnishment funds paid into court. The garnishment of wages was also void.

Here the law of the case has affirmed the judgment ordering the closing of the business, and plaintiff-applicant is bound by that decision.

The case of *Allen v. McGuire,* 49 Ga. App. 60 (174 SE 147), does not support the special concurrence in *Turner v. State,* 85 Ga. App. 609, supra, but merely announced that the plaintiff in certiorari has the right to renew his petition in certiorari within six months after dismissal.

The majority has also overlooked our new civil practice, and in particular Code Ann. § 81A-181 (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109) and Code Ann. § 81A-141 (Ga. L. 1966, pp. 609, 653) which I feel require a decision contra.

Code Ann. § 81A-181 provides that: "This Title [the Civil Practice Act] shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . ." I find no provision of Code Title 19, as amended, dealing with certiorari which expressly prescribed any rule in conflict with Code Ann. § 81A-141 (b), supra. The involuntary dismissal of the first writ of certiorari was not for lack of jurisdiction, improper venue or lack of an indispensable party, therefore the dismissal operates as an adjudication upon the merits. A petition for certiorari is a "case" within the meaning of our civil practice. See *Georgia R. &c. Co. v. J. M. High Co.,* 15 Ga. App. 243 (1), supra.

Applying the principle of res judicata I would hold that the superior court did not err in dismissing the second writ of certiorari.

I therefore respectfully dissent. I am authorized to state that Presiding Judge Quillian, Judge Smith and Judge Banke, join in this dissent.