### 61482. FOWLER v. AETNA CASUALTY & SURETY COMPANY et al.

Shulman, Presiding Judge.
This appeal was allowed pursuant to Code Ann. § 6-701.1 (1) to determine whether appellant Fowler was entitled to refile a workers' compensation appeal in the Superior Court of Whitfield County within six months of the prior dismissal of the appeal by the Superior Court of Gordon County on the ground of improper venue. The pertinent facts and dates follow:

On July 18, 1979, the State Board of Workers' Compensation issued a final award denying compensation to appellant-claimant. On July 27, 1979, appellant applied to the board for an appeal to the

Superior Court of Gordon County. The board allowed the appeal and forwarded the requisite documents to the Superior Court of Gordon County on August 15, 1979. On November 2, 1979, the appeal was dismissed by the Superior Court of Gordon County "due to the fact that since the injury did not occur in Gordon County, [that court] was without jurisdiction to entertain the appeal and was required by law to dismiss it . . ." The injury upon which the claim was based occurred in Whitfield County, which was, therefore, the proper venue for appeal. Code Ann. § 114-710. On March 25, 1980, appellant, represented by different attorneys, applied to the board for an appeal to the Superior Court of Whitfield County, relying, among other things, on Code Ann. § 3-808. The board denied this appeal, ruling that it had no authority under Code Ann. § 114-710 to transmit an appeal unless it was filed within 30 days from the date of the final award. On April 23, 1980, appellant sought review in the Superior Court of Whitfield County of "the Award of the State Board of Workers' Compensation of April 15, 1980, denying his appeal to the Whitfield Superior Court, as refiled to that Court within six months of the dismissal for improper venue by the Gordon Superior Court of a timely filed appeal of the Board's denial of his claim on July 18, 1979. Claimant also appeals the Board's denial and overruling by implication of his motion to allow said refiled appeal and . . . assigns error [in that] the Board acted without or in excess of its powers in denying said appeal and refusing to certify and forward the record of this claim to the Whitfield Superior Court." On September 15, 1980, the Superior Court of Whitfield County affirmed the April 15, 1980 award of the board and denied appellant's motion to allow the appeal. Because of a constitutional issue raised in the Whitfield County appeal, discretionary appeal was applied for in the Supreme Court, which ordered that the appeal be granted and transferred to the Court of Appeals.

The decisive issue in this case is whether Code Ann. § 3-808 applies to an appeal to a superior court from an award of the State Board of Workers' Compensation. If it does, appellant's attempt to refile his appeal in the Superior Court of Whitfield County should have been allowed.

"If a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case . . ." Code Ann. § 3-808.

1. The first question to address is whether an appeal to a superior court is a "case" within the meaning of the statute. We believe it is and find support for that position in *Ga. R. & Power Co. v. J. M. High Co.,* 15 Ga. App. 243 (1) (82 SE 932). There it was held that

a petition for certiorari was such a case. We find an appeal to the superior court from an administrative tribunal to be on the same footing insofar as § 3-808 is concerned.

Cases such as *Gordy v. Calloway Mills Co.,* 111 Ga. App. 798 (143 SE2d 401), do not require a different conclusion. Those cases held that Code Ann. § 3-808 did not apply to *claims* before the State Board of Workers' Compensation. We deal now with an action in a court of this state, not a claim before an administrative agency.

2. The fact that the dismissal in Gordon County was involuntary does not prevent the application of Code Ann. § 3-808. "Code Ann. § 3-808 applies to involuntary as well as voluntary dismissals, where the merits are not adjudicated. [Cits.]" *Bowman v. Ware,* 133 Ga. App. 799, 800 (213 SE2d 58).

3. It is well settled that Code Ann. § 3-808 applies only if the original action is a valid suit. *Cutliffe v. Pryse,* 187 Ga. 51 (200 SE 124). Appellees argue that because the appeal was filed in the wrong county, the superior court in which the action was filed lacked subject matter jurisdiction, rendering the original action void. That being so, appellees argue, there was no case to renew and the second appeal was barred by the period of limitation in Code Ann. § 114-710.

Generally speaking, improper venue does not deprive a court of subject matter jurisdiction. A cogent explanation of subject matter jurisdiction and the effect of improper venue thereon appears in *Keramidas v. Dept. of Human Resources,* 147 Ga. App. 820 (250 SE2d 560). There, an appeal from a decision by the State Personnel Board was filed in the wrong county, voluntarily dismissed *after* the statutory period of limitation had passed, and refiled in the correct county. This court examined the nature of subject matter jurisdiction and found that it means "jurisdiction of the class of cases to which that particular case belongs." Id., p. 822. Applying that analysis to the case before it, this court found that Code Ann. § 40-2207.1 conferred "[j]urisdiction to hear that class of appeals . . . on the superior courts of this state." Id., p. 823. The language used in that Code section to confer subject matter jurisdiction on the superior courts was as follows: "Any party . . . who is aggrieved by a final decision . . . of the board . . . may seek judicial review of the final decision . . . of the board *in the superior court of the county of the place of employment of the employee."* (Emphasis supplied.) Code Ann. § 40-2207.1 (h).

Turning to the appellate venue provisions of the Workers' Compensation Act we find no significant difference. Code Ann. § 114-710 provides that either party may ". . . appeal to the superior court of the county in which the injury occurred . . ." It would seem obvious, therefore, that § 114-710 confers subject matter jurisdiction on the superior courts of this state and that the original action in this

case was not void.

However, there stands opposed to the lucid reasoning of *Keramidas,* supra, the 1952 decision of this court in *Porter v. Employers Liability Ins. Co.,* 85 Ga. App. 497 (69 SE2d 384). It was there held that ". . . where an injury occurs in Walton County and an award of the Workmen's Compensation Board is appealed to the Superior Court of Fulton County, that court is without jurisdiction of the subject-matter and its judgment is void." Id. Although the reasoning supporting that holding is not set out in the opinion, some insight may be gathered from cases following *Porter.* In *Geo. Washington Life Ins. Co. v. Peacock,* 90 Ga. App. 296, 298 (82 SE2d 875), while discussing venue, this court held that "[t]here are some mandatory and exclusive provisions for the county in which certain actions must be brought, and these provisions may not be waived, since they operate to limit the jurisdiction of a court over the subject matter. See, for instance, *Porter v. Employers Liability Ins. Co.,* [supra], and Code § 114-710; also Code § 94-1101 . . ." Subsequently, in *Standford v. Davidson,* 105 Ga. App. 742 (125 SE2d 720), the question of venue as a limitation on subject matter jurisdiction was raised again, this time in relation to the Nonresident Motorists Act: "Plaintiff in error contends that the evidence showed the residence of the plaintiff in the trial court to have been in a county other than that in which the action was brought and that therefore the court was without jurisdiction of the subject matter and cites cases relating to actions against railroad companies under Code § 94-1101. The answer to this contention lies in the fact that Code § 94-1101 specifically provides that *'any judgment rendered in any county other than the one herein designated shall be utterly void.'* (Italics ours.) There is no such provision in the Nonresident Motorists Act. The provision in the railroad act does not mean that the question of bringing an action in the wrong county is jurisdictional as to subject matter."

An examination of Code Ann. § 114-710 reveals that it, like the Nonresident Motorists Act, lacks the restrictive language which made the venue provision of Code Ann. § 94-1101 mandatory and exclusive. As was shown above, the language of § 114-710 is much closer to that of § 40-2207.1, which was held not to affect subject matter jurisdiction in *Keramidas,* supra. We believe the reasoning in *Keramidas* should apply with equal force in this case. To continue with the restrictive rule expressed in *Porter,* supra, would thwart the remedial purpose of Code Ann. § 3-808 and the compensatory purpose of the Workers' Compensation Act. It is necessary, therefore, that we overrule *Porter v. Employers Liability Ins., Co.,* supra; *Gerrell v. Jackson,* 85 Ga. App. 707 (70 SE2d 105); *Burnett v. Burnett,* 87 Ga. App. 322 (73 SE2d 569); *Continental Cas. Co. v. Pace,* 96 Ga.

App. 317 (99 SE2d 836); and *Geo. Washington Life Ins. Co. v. Peacock,* supra, insofar as they hold that the venue provisions of Code Ann. § 114-710 limit the subject matter jurisdiction of the superior courts of this state.

From our foregoing holdings, it may be seen that the Superior Court of Gordon County had jurisdiction over the subject matter of the appeal appellant had filed there. That being so, the original action was not void and Code Ann. § 3-808 applies. Therefore, it was error for the board to refuse to forward the record in this case to the Superior Court of Whitfield County and error for that court to refuse to entertain the appeal. Appellant must have an opportunity to contest in court the award of the State Board of Workers' Compensation.

*Judgment reversed. Quillian, C. J., Deen, P. J., McMurray, P. J. Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED JULY 8, 1981.

*Roy J. Leite, Jr., Thomas R. Luck, Jr.,* for appellant.
*Maurice M. Sponcler, Jr.,* for appellees.