SARAH WYATT, plaintiff in error, *vs.* ALLEN W. TURNER, defendant in error.

If either party is not satisfied with the answer of the Justice of the Peace to a *certiorari*, all the exceptions must be taken, or the traverse filed, before the case is called in its order for a hearing; and if such exceptions are not taken, or traverse filed, and the case is heard in the Superior Court upon the answer, and brought to this Court, and a judgment rendered, the parties are bound by that judgment, and neither party will be entitled to have an amended answer to the *certiorari* filed in the Superior Court after the judgment of this Court.

Amendment. *Res adjudicata.* Before Judge GREEN. Henry Superior Court. April Term, 1869.

This cause was before this Court before. See 37th Georgia Reports, 640. When the *remittitur* from this Court was produced in the Court below, and the judgment of this Court was made the judgment of that Court, Turner's counsel produced an amendment of the return of the magistrate to the *certiorari*, by which it appeared that Ferguson had, on the 1st of June, 1867, given Turner his note, and with it a writing, specifying that it was for provisions to enable him to make his crop for that year, and binding said crop for the payment of said note, and that this note and writing were in evidence before him on the trial. Mrs. Wyatt's counsel objected to this amendment because it was irrelevant, because having gone to trial upon the original return, its sufficiency could not be denied, and because by the decision of the Supreme Court the question was *res adjudicata.*

The Court overruled the objection, and the amendment was filed. After argument, he ordered the money paid to Turner. These decisions are assigned as error.

S. C. McDaniel, Peeples & Stewart, for plaintiff in error, as to the amendment, cited 37th Ga. R., 640; Irw. Code, secs. 3990, 3074; 2 Kelly, (Ga. R.,) 275; 37th Ga., 584; 34th Ga. R., 47; Ib., 499; 36th Ga. R., 257; 38th, 133 and 195. The money should have been paid to Mrs. Wyatt: Irw. Code, secs. 1982, 2261, 1968–9.

John R. Hart, for defendant in error.

Brown, C. J.

It is insisted by counsel for plaintiff in error that this Court shall decide upon the nature and dignity of the land-lord's lien in this case. In the shape in which it is now before us, we do not think that question is made by the record, and we will not go out of the record to discuss or decide it. The vast increase in the business of this Court makes our duties so onerous that we do not feel called upon to do more than decide the questions which are legally pre-sented for our consideration.

Was Mr. Turner, the defendant in error, entitled to have the answer of the Justice of the Peace to the *certiorari* amended after the case had been tried in the Superior Court, and brought to this Court, and a judgment rendered? We are very well satisfied that he was not. Under sections 3990 and 3994 of the Revised Code, either party who may be dis-satisfied with the Justice's answers to the *certiorari*, must take the exceptions, or traverse the answer, before the case is called in its order for a hearing in the Superior Court, and . if there be more than one objection to the answer, all the ex-ceptions must be taken together, before the hearing. The issue must be fully made up, and the record complete before the hearing, and the parties will not be allowed to have the return amended after the case has been heard in the Superior Court and in this Court. We can readily see the fraud and

Wyatt *vs*. Turner.

injustice which might result if the Courts would allow parties to practice upon them in this way. If the feelings of the Justice of the Peace should be strongly in favor of one of the parties, any other rule might open the door for the practice of unfairness, by allowing the Justice to amend the answer after the party had ascertained by the judgment of this Court what might be necessary for the answer to contain to enable him to succeed. We charge no such practice in this case. But we confess we are not very well satisfied that another note was not substituted by mistake or otherwise for the one upon which the case was tried in the Justice's Court. The record shows that the note then before the Court was for an amount different from the one set forth in the amended return. Nothing appeared from the record to show that the stipulation giving the lien upon the crop, which appears appended to the note copied into the amended return, was annexed to the note used on the trial in the Justice's Court. These discrepances at least satisfy our minds that it is not wise to relax the salutary rule laid down in the Code.

We may remark, in conclusion, that there is nothing in this record that shows that the wheat sold, from which the money in dispute is brought into Court, was raised upon the lands cultivated by the defendant in *fi. fa.*, or to what year's crop it belonged, or that Mr. Turner ever had any lien of any sort upon it; and, if we admit that it was part of the crop which he advanced the money to make, and that he had a lien upon it, the record does not show that he preserved the lien by having it foreclosed within twelve months, as the law requires, before the amended return was made, or before the last hearing in the Superior Court. If the lien had not been preserved by foreclosure within the time allowed by law, it was lost, and the judgment of the Court ordering the money paid to the landlord in place of the judgment creditor, must be erroneous. See this case reported in 37 *Georgia*, 640.

Judgment reversed.