FRANKLIN *vs.* KAUFMAN *et al.*

1. Where the answer to a *certiorari* fails to reply specifically to the allegations in the petition, to entitle the excepting party to a fuller response, he must specify in writing the defects and give notice to his opponent.
2. A justice of the peace must be one of the persons presiding at a constable's election, if there is one in commission to be had who is not a candidate. Where such officer acted for but a portion of the day, the election was rendered illegal.
3. Whenever there is a failure to elect from any cause, either that the election is illegal or there is no candidate, or if the election be legal and there is a candidate, if he fails to qualify and give bond, then, in legal contemplation, there is a vacancy, and it is the duty of the magistrates to appoint. The county commissioners have no authority to order a new election.

*Certiorari.* Justice of the Peace. Constable. Election. County matters. Office. Before Judge FLEMING. Chatham Superior Court. May Term, 1879.

Reported in the opinion.

A. P. & S. B. ADAMS, for plaintiff in error.

J. J. ABRAMS, by brief, for defendants.

CRAWFORD, Justice.

At a constable's election for the third militia district of Chatham county, the parties to this suit were the candidates; Kaufman and Endres receiving the largest number of votes, the election was contested before the county commissioners who were empowered to issue the certificates of election. The commissioners, after hearing the evidence, decided that the election was legal and valid and that Kaufman and Endres were elected. Franklin, the contestant, sued out a writ of *certiorari* and carried the case to the superior court, alleging that the court committed error in holding that the election was legal and valid, and in not declaring otherwise and ordering a new election.

Exceptions were filed to the answer of the commissioners to the petition for *certiorari*, which were overruled by the court and the plaintiff excepted. Upon the hearing of the *certiorari* itself, upon the grounds of complaint and the answer, it was sustained, the decision of the commissioners reversed, the election declared illegal, that a vacancy existed and that the power to appoint was in the magistrates of the district. The plaintiff in error excepted to so much of the judgment as ruled that a vacancy existed and that the magistrates had the power to appoint.

1. We have in this case but two questions made for our decision, the first is, was the judge right in overruling the.

exceptions to the answer of the commissioners, which was that it did not specifically reply to the allegations made in the petition for *certiorari.* The law is clear and positive that this shall be done by the officers of the lower judicatory, and it is equally clear and positive that where it is not done, in order to entitle the excepting party to avail himself of a fuller and more perfect response to the allegations set out, he must comply with the law as defined in §4062 of the Code, which declares that ex- ceptions to the answer shall be filed in writing *specifying- the defects* and notice thereof given to the opposite party. In this case the defects were not specified, and the ruling of the court thereon was therefore not erroneous.

2. The second question is, was the election illegal and did a vacancy exist? The law is mandatory that at such elec- tions, " A justice of the peace must be one of the persons presiding at a constable's election, if there is one in com- mission to be had and he is not a candidate at the same election." See Code, §1328.

There is no dispute as to the fact that a magistrate who was himself not a candidate, was to have been had, and indeed was had for half the day, and then refused to pre- side any longer. To have made the election legal, this officer should have continued in the performance of the duty assumed, until the same was fully discharged, and his failure to do so necessarily invalidated the election, none other being present who was qualified to relieve him.

3. This being the fact, was there a vacancy in the constables' office for that district? We think that that which constitutes a vacancy in this state is defined by statute in §465 of the Code, and which also further pro- vides how it shalled be filled.

" Vacancies are filled by appointment of the justices of the peace of the district in the following contingencies :

1. When from any cause, there is a failure to elect, qualify and give bond at the regular time."

This is only the first of several contingencies named, and is sufficient in our judgment to show, that whenever there is a failure to elect from any cause, either that the election is illegal, that there is no candidate, or if the election be legal and there is a candidate, if he fail to qualify and give bond, then · in legal contemplation there is a vacancy and it is the duty of the magistrates to appoint.

It was made one of the grounds of error in the case, committed by the commissioners court, that they did not order a new election to be held, and in view thereof the court, in sustaining the *certiorari*, could not do more or less on this branch of the case than to rule as he did, after deciding that there was no election, that it was the duty of the magistrates to appoint, there being no authority given in such cases for a new election.

Judgment affirmed.