*Donalson, Fleming & Donalson,* for plaintiffs.

*W. M. Harrell* and *A. H. Russell,* for defendant.

---

FORD *v.* TOOMER.

An incomplete answer to a writ of certiorari can be perfected only in the event the party dissatisfied with such answer complies with the requirements of the Civil Code, § 4647, as to specifying in writing the defects therein, and giving to the opposite party due notice of the exceptions taken thereto, before the case is called for a hearing in the superior court.

Submitted November 25, — Decided December 12, 1902.

Certiorari. Before Judge Spence. Worth superior court. April term, 1902.

*J. J. Forehand,* for plaintiff in error.

LITTLE, J.· This case originated in a justice's court. The losing party in that court applied for and obtained a writ of certiorari. In response thereto, the magistrate made answer as follows: "Georgia, Worth County. ·Office of the Justice of the Peace for the 1428 district G. M. And now comes Isaac Howard, Justice of the Peace in and for the 1428 militia district of said county, and makes this his answer to a certain writ of certiorari heretofore delivered to him, together with a petition therefor, regarding a cause alleged to have been tried before him on the 8th day of March, 1902, on a possessory ·warrant wherein Fannie Toomer was plaintiff and Douglas Ford defendant. Replying specifically to the allegations in said petition, respondent says: First, true copies of all the proceedings in said cause are herewith sent up. Witness my official signature, this 12th day of April, 1902. [Signed] Isaac Howard, J. P." Accompanying this answer were copies of the pleadings in the case, as well as a copy of the judgment rendered by the justice. In the petition for certiorari was set forth what purported to be a brief of the evidence introduced on the hearing before him, and complaint was therein made of certain rulings alleged to have been made against the plaintiff in certiorari. The answer of the magistrate does not, as has been seen, verify the recitals of fact embraced in the petition for certiorari, or adopt as correct the brief of evidence therein set forth. On the call of the case in the superior court, the plaintiff in certiorari invoked a ruling by the judge upon the sufficiency of the answer. He held it to be fatally incomplete. "Plaintiff in certiorari then moved the court to allow him to take an order requiring said justice to make and file his answer as required by law, on or by the first day of the next term of said superior court, which motion the court overruled." On motion of counsel for the defendant in certiorari, the court then dismissed "the certiorari, for the reason that said answer had not been excepted to by written exceptions filed before the case was called for trial." Error is here assigned upon each of these rulings.

That the answer of the magistrate failed entirely to meet the requirements of the law, is altogether too obvious for discussion, since it neither adopted as correct the brief of evidence contained in the petition for certiorari nor verified its recitals as to what occurred on the hearing before him. The plaintiff in certiorari should, however, have pursued the remedy pointed out in the Civil Code,

§ 4647, which declares that an answer to a writ of certiorari may be " perfected as directed by the court," provided exceptions thereto " be filed in writing, specifying the defects, and notice thereof [be] given to the opposite party, before the case is called in its order for a hearing." Exceptions must be filed, if at all, " before the case is called in its order for a hearing" in the superior court, for the statute expressly so declares. *Wyatt* v. *Turner,* 40 *Ga.* 36; *Star Glass Co.* v. *Longley,* 64 *Ga.* 576; *Davis* v. *Rhodes,* 112 *Ga.* 106. And it is to be understood as meaning what it says with regard to specifying in writing the defects in the answer, and as giving due notice to the opposite party. *Franklin* v. *Kaufman,* 65 *Ga.* 260. As no effort was made in the present instance to comply with the provisions of this statute, and as the answer of the magistrate failed utterly to give verity to the allegations of the petition for certiorari, it necessarily follows that the court below properly sustained the motion to dismiss the case.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*