|120  865|
|f121  816|

## SUTTON *v.* THE STATE.

The failure of a judge whose decision is sought to be reviewed by the writ of certiorari to file his answer by the first day of the term to which the writ is returnable may subject him to punishment for contempt, but will not authorize a dismissal of the certiorari, when the answer is made during the first term and before a motion to dismiss the certiorari is filed.

Submitted July 19, — Decided August 10, 1904.

Certiorari.    Before Judge Mitchell.    Berrien superior court. June 3, 1904.

*R. A. Hendricks,* for plaintiff in error.

*W. E. Thomas,* solicitor-general, contra.

COBB, J.   The writ of certiorari was returnable to a term which began on March 21.    On June 3, during that term, the court, upon motion of the defendant in certiorari, dismissed the certiorari.    The order of dismissal does not show upon what ground it was based, but it is recited in the bill of exceptions that the certiorari was dismissed "because it did not appear that the answer of the county judge to the writ of certiorari was filed in the clerk's office of the superior court on the first day of the term to which it was made returnable."    In the record appears

an answer of the county judge, dated March 24. It does not appear when the answer was filed, but it is evidently a part of the record, being specified as such in the bill of exceptions. It is to be inferred from the recital in the bill of exceptions above set forth that the answer was in the clerk's office at the date of the motion to dismiss, and that the certiorari was dismissed because the answer did not appear to have been filed on or before the first day of the term to which the writ was returnable, as required by the statute. Civil Code, § 4646. It has been held that the failure of the judge to file a proper answer will be a sufficient reason to dismiss the certiorari, when no timely motion is made to perfect the same. See *Fain* v. *Shy*, 115 *Ga.* 765; *Tyner* v. *Leake*, 117 *Ga.* 990. In such a case the plaintiff in certiorari is at fault in failing to make an appropriate motion in due time, and the dismissal results from this fault, and not from the bare failure of the judge to file his answer. Where the plaintiff in certiorari is not at fault, his petition ought not to be dismissed merely on account of the neglect of the officer to whom the writ is directed. In the present case the plaintiff in certiorari was not at fault. The answer was in the clerk's office within three days after the first day of the term, and before the motion to dismiss was made. It can not be said that the plaintiff in certiorari was guilty of laches in not making some appropriate motion in reference to the answer before the same was actually lodged in the clerk's office. The court erred in dismissing the certiorari.

*Judgment reversed. All the Justices concur.*