6493.  BAILEY v. WARE & HARPER.

BROYLES, J.  1. The demurrer to the original petition was properly overruled by the trial court.

2. Certiorari lies to review the judgment of a trial judge of the municipal court of Atlanta, although the plaintiff in certiorari has not exhausted his remedies provided by the act creating that court, he not having entered an appeal to the appellate division thereof. *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366). The judge of the superior court, therefore, properly declined to dismiss the petition for lack of jurisdiction.

3. It appearing from the bill of exceptions that no exceptions to the answer of the trial judge were taken before the case was called in its order for hearing, the judge of the superior court erred in allowing exceptions to the answer to be filed after the hearing was begun, and in sustaining them. Civil Code, § 5196; *Wyatt* v. *Turner,* 40 *Ga.* 36;

*Davis* v. *Rhodes*, 112 *Ga.* 106 (37 S. E. 169); *Ford* v. *Toomer*, 116 *Ga.* 795 (43 S. E. 45); *Chandler* v. *Baggett*, 13 *Ga. App.* 333 (79 S. E. 179) *Humphries* v. *Nalley*, 14 *Ga. App.* 804 (82 S. E. 357).

4. It was also error to allow, over appropriate objections, an additional answer of the trial judge to become a part of the record in the case; it appearing that no exceptions to the original answer were taken in time, and that the order requiring the trial judge to answer instanter to the exceptions erroneously allowed was not served upon the judge, nor service acknowledged or waived, and that this additional answer, which had been prepared and signed by the trial judge before the exceptions to his original answer had been sustained and before the order to answer instanter had been passed, was not adopted by him as his answer after the passage of that order.

5. The errors in sustaining the exceptions to the answer and in making the additional answer a part of the record rendered nugatory the subsequent proceedings, and it is unnecessary to discuss the assignments of error other than those dealt with above.

6. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed.*

DECIDED JANUARY 20, 1916.

Certiorari; from Fulton superior court,—Judge Pendleton. November 25, 1914.

*Thomas E. Scott, Albert Kemper,* for plaintiff in error.

*Moore & Pomeroy, W. P. Coles,* contra.