16104.   BAGGS-LANGFORD MOTOR COMPANY *v.* LEWIS.

JENKINS, P. J.  A writ of certiorari, directed to a justice of the peace, was issued from the superior court, requiring answer "5 days before the first Monday in July next" (July 7 being the first day of the term). The magistrate's answer was filed in the clerk's office on July 5. On October 27 the plaintiff in certiorari filed exceptions to this answer. The certiorari coming on for a hearing, on October 30, the superior court entered an order dismissing the certiorari, upon oral motion of the defendant in error, on the ground stated in the order that the answer had not been filed within the time required by law. This judgment, however, was vacated and a new judgment entered on November 28, under a written agreement of counsel, the judgment and agreement reciting that the first order "was erroneously entered," should be vacated, and that the new judgment should be entered in lieu thereof so as to show "the true ground of dismissal," viz: that "plaintiff filed exceptions to the magistrate's answer, upon the ground that same was incomplete and insufficient, in that it did not set up a true and certified copy of all of the facts, proceedings, and records in said justice court, plaintiff in certiorari thereby admitting that there was no legal answer filed by said magistrate." Plaintiff in certiorari excepts to this judgment of dismissal. *Held:*

1. Section 5195 of the Civil Code (1910), as amended by the act of 1918 (Ga. L. 1918, p. 124, Park's Code Supp. 1922), requires that "the answer to the writ of certiorari shall be filed in office five days before the first day of the term to which it is returnable, unless further time is given, and shall reply specifically to the allegations of the petition." Section 5196 requires that exceptions to the answer "shall be filed in writing, specifying the defects, and notice thereof given to the opposite party before the case is called in its order for a hearing." While the

answer must be filed, or the time extended, before the adjournment of the term to which it is returnable (*Carroll* v. *Upchurch*, 25 *Ga. App.* 646, 104 S. E. 16; *J. M. High Co.* v. *Ga. Ry. & Power Co.*, 12 *Ga. App.* 505, 77 S. E. 588; *L. & N. R. Co.* v. *Lovelady*, 14 *Ga. App.* 305, 80 S. E. 725), still "the failure of a judge whose decision is sought to be reviewed by the writ of certiorari to file his answer by the first day of .the term [the time required before the 1918 amendment] to which the writ is returnable may subject him to punishment for contempt, but will not authorize a dismissal of the certiorari, when the answer is made during the first term and before a motion to dismiss the certiorari is filed." *Sutton* v. *State*, 120 *Ga.* 865, 866 (48 S. E. 342).

(*a*) If exceptions to the answer of the trial judge are not taken before the case is called in order for a hearing, they can not be considered by the superior court. *Bailey* v. *Ware*, 17 *Ga. App.* 492 (87 S. E. 712), and cases cited. But the statute does not require that the exceptions shall be filed at the term to which the writ is returnable; they may be disposed of after that term, and may be filed at any time before the case is called in its order for a hearing. *Rumph* v. *Cleveland*, 72 *Ga.* 189; *Fulton Bag & Cotton Mills* v. *Booze*, 8 *Ga. App.* 430 (69 S. E. 494).

(*b*) Even if the defendant in error here be not estopped from now contending in the brief of counsel that the superior court properly dismissed the certiorari because the answer of the magistrate was not filed in the time required by law, in view of the agreement and consent of counsel and the second order of the superior court, reciting that the first order based upon that ground "was erroneously entered," and that the second order should be entered so as to show "the true ground" as therein set forth, the failure of the magistrate to file his answer five days before .the first day of the term was not jurisdictional, the answer was filed only three days late, before any motion to dismiss the certiorari was filed and without any indication of fault on the part of the plaintiff in certiorari, and the exceptions to the answer were filed and notice thereof given before the case was called in order for hearing.

2. Where the answer to the writ of certiorari has been properly filed, its incorrectness or insufficiency is no ground for the dismissal of the petition, but "the proper remedy for the party complaining . . is by exception to it." *Marchman* v. *Brown*, 143 *Ga.* 335 (1) (85 S. E. 99). The filing of exceptions by a plaintiff in certiorari will not constitute an admission that no legal answer was filed, so as to penalize such plaintiff by a dismissal of his petition. Moreover, in the instant case, while the exceptions were filed in due time and should be determined by the superior court, it also appears, from an examination of the answer, that sufficient facts were therein set forth for a determination of the essential questions of law presented by the petition.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JULY 20, 1925.

Certiorari; from Fulton superior court—Judge Bell. November 28, 1924.

*J. W. DeLoach,* for plaintiff.

*F. W. Flint, G. H. Cornwell,* for defendant.