## WORTH *v.* BOROUGH OF ATLANTA.

No. 8720. August 12, 1932.

W. H. Terrell, for plaintiff in error.

J. L. Mayson, C. S. Winn, and J. C. Savage, contra.

HILL, J. Clyde Worth was tried in the recorder's court of Atlanta, on April 30, 1931, for a violation of section 20 of "the electrical code of ordinances and rules of 1930," said section being as follows: "Any person, firm, or corporation found doing electrical work in the Borough of Atlanta without such license shall be subject to a fine of one hundred dollars ($100), or imprisonment for thirty (30) days, either or both penalties to be inflicted in the discretion of the recorder." Worth was found guilty by the recorder, and sentenced to serve thirty days in the stockade or pay a fine of one hundred dollars. He brought his petition for a writ

of certiorari, setting forth facts as above stated. He further set out the evidence adduced on the trial before the recorder, which tended to show that an inspector in the electrical department of the borough found the petitioner doing electrical work in the borough without a license. There was evidence to the effect that petitioner was a good workman and understood his business, which was ruled out by the recorder, who held that the only issue in the case was whether the petitioner had a license. Petitioner then offered in evidence sections 19, 25, 30, 32, and 33 of "the electrical code," which evidence was ruled out by the recorder. These sections are as follows:

"Sec. 19. Every person, firm, or corporation desiring to engage in the business of electrical construction and of the installation of wiring and apparatus for electric light, heat, or power in the Borough of Atlanta shall, before doing so, obtain a license therefor, the fee for which shall be one hundred dollars ($100), and which shall be paid into the treasury of the Borough of Atlanta before such license shall become effective. Said license shall be issued by the city clerk after the presentation of an electrical contractor's certificate from the superintendent of electrical affairs, and payment of the fee before mentioned.

"Sec. 25. Whenever any person shall make application for a license to do electrical contracting in the Borough of Atlanta, it shall be the duty of the electrical examining board to pass upon the ability and responsibility of such person for the purpose of determining whether he may be reasonably expected to satisfactorily complete any contracts that he enters into with citizens of Atlanta.

"Sec. 30. Electrical contractor's licenses may be issued to persons, firms, or corporations, when the person in charge of electrical work for said person, firm, or corporation shall have passed the electrical contractor's examination and holds an electrical contractor's certificate.

"Sec. 32. In the event a person holding an electrical contractor's certificate, upon which a license has been issued to a person, firm, or corporation, severs his connection with said person, firm, or corporation, he shall immediately notify the superintendent of electrical affairs in writing of same. Said person, firm, or corporation shall within ten days either employ a person holding an electrical contractor's certificate or file application with the superintendent of electrical affairs for a contractor's examination. In the event of

failure to do this, or in event applicant fails to pass said examination, the license shall become null and void.

"Sec. 33. The requirement as to employment of men holding a technical license shall not apply to public utility companies, such as central station, telephone or telegraph companies, and their subsidiaries who have in their employ, or may hereafter employ, specialists to install, repair, maintain, or repair equipment located in their own buildings or on their own property or service equipment located on customer's property."

These sections of the electrical code were offered in evidence by petitioner in support of his plea of not guilty in the recorder's court, on the ground, as stated when offered, that the same were and are a part of the licensing and taxing of electrical contractors and persons doing electrical work in the Borough of Atlanta; that it took the whole to properly understand the plan of licensing such contractors; that these sections must be read and considered in connection with section 20, under which petitioner was tried, and that section 20 could not be properly interpreted and understood without reference to the other sections above set out; that when properly construed section 20 and the other sections offered in evidence were part of a plan and scheme of licensing contractors and others doing electrical work, and when so construed and taken together said section 20 and each and every other section offered in evidence were and are unconstitutional, null and void; that "petitioner alleged and urged before said recorder that each and all of said sections aforesaid (a) were and are contrary to article 1, sec. 1, par. 3, of the constitution of Georgia (Code, § 6359), in that it deprives petitioner of his liberty and his property right in his right to work at his trade of electrician and earn money. (b) That each and all of said electrical code sections aforesaid were and are violative of the 14th amendment and 5th amendment to the constitution of the United States, in that it deprived him of the equal protection of the law by requiring him, an individual, to stand an examination of a highly technical nature and pay a heavy tax before doing electrical work or engaging in the business of electrical contracting, while it permits firms which may be composed of many persons wholly unable to pass said examination, persons unable to pass such, and corporations which are incapable of so doing, to engage in the business of electrical contracting if they have em-

ployed one person who has passed such contractor's examination, and also permits public utility companies to do such work without having even one person in their employ who passes said contractor's examination." The recorder rejected the sections of the electrical code so offered in evidence, and refused to consider them, holding that they did not have anything to do with the case, and that he would only consider the one question of whether petitioner had a license to do the work in question. This ruling was assigned as error; and it was alleged that the sentence was contrary to law and to the evidence and without evidence to support it; and that the recorder erred in rejecting evidence of a witness with reference to the character of work and the ability of the petitioner, and in rejecting the sections of the electrical code above set out.

To the petition for certiorari the recorder filed an answer as follows: "The evidence as set out in petitioner's writ of certiorari is admitted. The numbered ordinances set out being ordinances of the City of Atlanta are admitted. The defendant in this case was tried for violation of section 20 of the city electrical code of Atlanta, and was not on trial, nor was he tried, for any other offense other than that at the time of the trial. The verdict and judgment of the court was supported by the evidence submitted to the court at the time of the trial, and was substantially supported by the admission of the defendant himself to the court that he did not have a license to do business, and that he (defendant) could not pass the required examination for a license. All code sections attached to petitioner's writ of certiorari are admitted for what they are worth. Wherefore, having fully answered petitioner's certiorari, John L. Cone files this his answer, this June 29th, 1931."

The writ of certiorari was overruled by the judge of the superior court, and the petitioner excepted.

The plaintiff in error did not file a traverse to the answer of the recorder, nor did he file exceptions thereto on or before the hearing. After considering the certiorari and argument of counsel, the court overruled the certiorari, and this is assigned as error.

In dealing with the certiorari the facts must be ascertained by reference to the answer to the writ of certiorari, and the facts stated in the answer, as stated above, are not traversed or excepted to as not containing all that occurred at the trial before the recorder. The allegations in the petition for certiorari can not be

considered as evidence unless verified by the answer of the recorder, and therefore the allegations of the petition alleging that the ordinance under which the plaintiff in error was tried and convicted was unconstitutional can not be considered by this court. *Heidt* v. *Canuet,* 108 *Ga.* 752 (32 S. E. 870). The answer of the recorder to the certiorari, where such answer is not traversed or excepted to, is conclusive of facts occurring on the trial; and as there was no traverse or exception filed to the answer of the recorder, this court can not consider the allegations of the petition not verified by the answer of the recorder. *Hopkins* v. *Southern Ry. Co.,* 110 *Ga.* 85 (35 S. E. 307); *Davis* v. *Rhodes,* 112 *Ga.* 106 (4) (37 S. E. 169); *Taylor* v. *Sandersville,* 118 *Ga.* 63 (4) (44 S. E. 845); *Little* v. *Fort Valley,* 123 *Ga.* 503 (51 S. E. 501); *Thompson* v. *Becham,* 2 *Ga. App.* 84 (2) (58 S. E. 311). If the answer of the recorder was not responsive, and there was silence as to the allegations in the petition to the effect that the ordinance under which the plaintiff in error was convicted was unconstitutional, he had his remedy by filing exceptions to such answer, or traversing such answer before the certiorari was called for a hearing. *Bailey* v. *Ware,* 17 *Ga. App.* 492 (3) (87 S. E. 712). The answer of the recorder failing to show that any objection to the constitutionality of the ordinance under which the plaintiff in error was tried was presented in his court, the constitutionality of such ordinance could not be raised in the superior court, nor can it be considered by this court. *Bollon* v. *Newnan,* 147 *Ga.* 400 (94 S. E. 236); *Cook* v. *State,* 39 *Ga. App.* 641 (148 S. E. 168).

In consideration of the foregoing, the Supreme Court is without jurisdiction to hear and determine the present case. The Court of Appeals has jurisdiction to hear and determine the same; and it is therefore

*Transferred to the Court of Appeals. All the Justices concur.*