19081. TAYLOR *et al. v.* SHETZEN *et al.*

HAWKINS, Justice. 1. Under the decision in *Toomey* v. *Norwood Realty Co.*, 211 *Ga.* 814 (89 S. E. 2d 265), the order of the Commissioner of Roads and Revenues of DeKalb County, Georgia—changing from residential to apartment use described property belonging to the defendant Shetzen, based on an application filed, notice given, and a hearing held in December, 1953, and entered in December, 1954, more than twelve months after the date fixed for the hearing, and without any order continuing the hearing from the date originally set to the later date on which the order was entered—and the order to amend that order entered on February 3, 1955, by the then Commissioner of Roads and Revenues, reducing the number of apartment units and authorizing a substitution of different architectural plans without notice or hearing, as required by section 8 of the act of 1943 (Ga. L. 1943, p. 930), are both invalid, null, and void, as is also a later order dated February 22, 1954, rezoning from residential to apartment use an adjoining tract of land, although passed after notice and hearing, but showing on its face that it is predicated upon the erroneous hypothesis that the two aforesaid void orders had created similar zoning on the adjacent property and permitted similar use of the adjoining property. The building permit issued by the defendant building inspector, authorizing the construction of all thirty-six apartment units authorized by the three orders above referred to, being based upon such invalid orders, is likewise invalid, null, and void, and the trial court erred in refusing to grant to the plaintiffs the temporary injunction prayed for, restraining the defendant Shetzen from constructing the apartment units thus sought to be authorized, and the defendant building inspector from issuing any other building permit therefor.

2. The *Toomey* case, supra, is also authority for the proposition that the plaintiffs did not have any adequate remedy at law by appealing the orders and the building permit to the Board of Zoning Appeals, because that board has no jurisdiction to determine the validity of the zoning ordinances and of the building permit, each of which is held to be void. See also *Gay* v. *City of Lyons*, 209 *Ga.* 599, 607 (74 S. E. 2d 839).

3. It is the contention of the defendant Shetzen that, notwithstanding the zoning ordinances heretofore dealt with might be held to be void, the trial court nevertheless properly refused to grant the injunctive relief prayed for, because the only other zoning applicable to the property here involved was under the act of 1943, which purported to zone the property under the comprehensive zoning ordinance adopted June 25, 1946, section 5 of which ordinance declared "All vacant or unused land or buildings not included within the boundaries of an industrial, commercial or apartment district as defined above shall be construed to be within the boundaries of a residential district," and was unconstitutional and void because violative of the due-process and equal-protection clauses of the State and Federal Constitutions; and the property involved was therefore not lawfully zoned, and the owner could use it for any lawful purpose he might desire. It is insisted that the 1946 zoning ordinances are arbitrary and unreasonable because, under this plan, the land in question was not described by metes and bounds, and the zoning was done without a land-use survey, and without setting forth any maps prospectively planning the

orderly growth of the community, or the health, safety, or welfare of the community. With these contentions we cannot agree. The fact that the comprehensive ordinance recites that it was adopted because of "an emergency in the county," and refers to the regulations as "interim" regulations, does not render it void. As pointed out in *Schofield* v. *Bishop,* 192 *Ga.* 732 (16 S. E. 2d 714), and *Howden* v. *Mayor &c. of Savannah,* 172 *Ga.* 833 (159 S. E. 401), municipalities and counties which have had conferred upon them the power to zone property cannot always at one and the same time enact such a comprehensive scheme of zoning and planning as will particularly describe and embrace every piece of property by metes and bounds in the entire area of the county or municipality; but when reasonably and fairly done, such power may be exercised by the enactment of different ordinances affecting different areas at different times. That this has been the practice and policy of the zoning authorities of DeKalb County, is evidenced by the record in this case, as well as in the *Toomey* case, supra, and in *Kirkpatrick* v. *Candler,* 205 *Ga.* 449 (53 S. E. 2d 889). Applying the facts of this case to the rulings made in the foregoing decisions, this court cannot hold that it is made clearly to appear that the comprehensive zoning ordinance of 1946 is arbitrary, unreasonable, capricious, and discriminatory as applied to the property of the defendant Shetzen, or that it is violative of the due-process and equal-protection clauses of the State and Federal Constitutions.

4. The act creating the office of Commissioner of Roads and Revenues of DeKalb County, Georgia (Ga. L. 1906, pp. 405, 408) requires that the "commissioner shall cause to be kept a proper and accurate book of minutes, wherein shall appear all the acts, orders and proceedings of the commissioner." The record in the commissioner's office showing that the order purporting to rezone the property here involved, entered in December, 1954, was duly signed by the commissioner, such record cannot be contradicted in this proceeding by the parole evidence of the commissioner to the effect that the order was inadvertently signed through accident or mistake. The trial judge did not err, therefore, in excluding such affidavit of the commissioner. *Pope* v. *U. S. Fidelity &c. Co.,* 200 *Ga.* 69 (35 S. E. 2d 899); *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED SEPTEMBER 16, 1955—DECIDED NOVEMBER 14, 1955—
REHEARING DENIED NOVEMBER 29, 1955.

*Augustine Sams, James A. Mackay,* for plaintiffs in error.

*Morris B. Abram, Heyman & Abram, George P. Dillard, Pierre Howard,* contra.