40567.   ALLISON v. CITY OF ATLANTA et al.

HALL, Judge. The defendant (plaintiff in error in this court) assigns error on (1) the order of the Superior Court of Fulton County overruling the motion to strike the answer of the respondent in certiorari; and (2) a judgment of the superior court denying her writ of certiorari to review a judgment of the Municipal Traffic Court of the City of Atlanta finding her guilty of operating an automobile on North Highland Avenue while under the influence of intoxicating liquor. *Held:*

1. The failure of the judge, whose decision is to be reviewed by a writ of certiorari, to file his answer by the date prescribed by statute will not authorize a dismissal of the certiorari, where the answer is filed during the first term and before a motion to dismiss the certiorari is filed. *Sutton v. State*, 120 Ga. 865 (48 SE 342) ; *Carter v. Cross*, 34 Ga. App. 149 (128 SE 590) ; *Baggs-Langford Motor Co. v. Lewis*, 34 Ga. App. 205 (129 SE 16) ; the language in the present statute (Ga. L. 1961, p. 190; *Code Ann.* §§ 19-209 and 19-301), respecting the filing of an answer is substantially the same as that in effect at the time of the cited decisions. They are applicable, therefore, in the present case. The ground of the defendant's motion to strike was that the answer was filed 36 days after service of the petition for certiorari, whereas the law requires it to be filed within 30 days after service of the petition. The motion to strike the answer was filed 21 months after the answer was filed. The trial court, therefore, did not err in overruling the motion to strike the answer.

2. A witness testified: The defendant was at the traffic light at the corner of St. Charles Place and Highland and, while the light was red, he stopped 12 to 15 feet behind the defendant. When the light turned green the defendant started to pull off and she let the car roll back down St. Charles a car length and a half, into his car. The defendant then pulled off and he chased her, one and one-half to two blocks, both of them driving down North Highland, and pulled in front of her and stopped his car. When he spoke to the defendant she said she did not know anything about hitting him. She was very rude and indignant and her language was slurred; she cursed and used vulgar language, was bleary eyed; and he thought she was drunk. She remained in the car until the officer arrived about 30 minutes later. The officer testified, based on his observations of the defendant's odor, speech impairment, and stability, that at the time he arrived the defendant was under the influence of alcohol to the extent that it would be less safe for her to operate a vehicle. This evidence supported the judgment. *Palmer v. State*, ante.

3. The police officer testified that North Highland Avenue is in the City of Atlanta, County of Fulton, and the evidence authorized a finding that the defendant operated the auto-

mobile on North Highland Avenue. The defendant's contention that there was no proof of venue is without merit.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

Decided February 11, 1964.

*Emory Kinard,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw,* contra.