## 30770. CITY OF DOUGLASVILLE et al. v. THE WILLOWS, INC.

UNDERCOFLER, Presiding Justice.

This is a zoning controversy. It arose when The Willows announced it intended to sell and long-term lease individual mobile home lots contained within its mobile home park established under an "R-5 Mobile Home Park Residential District" zoning classification of the City of Douglasville. Thereafter, the city refused to issue to The Willows permits necessary for the use of its property as a mobile home park. The city contended that its zoning ordinance prohibits the sale and long-term lease of such individual lots. The city contended also that its Land Subdivision Ordinance had not been complied with and The Willows intended use of its mobile home park constituted an "R-7 Condominium/Cooperative Residential" classification for which the property was not zoned. The Willows petitioned for mandamus, injunction and declaratory judgment to compel the issuance of the permits. The city counterclaimed for injunction. The parties stipulated the essential facts and agreed that the sole issue for decision was: "Where the applicable zoning ordinance contains no expressed restriction upon the sale and/or long-term lease of lots in a mobile home park in an area zoned for mobile home park use and where the city officials have issued documents with respect to some of the lots in the mobile home park, are the city officials authorized to refuse to issue such permits and documents with respect to the remaining lots·where they give as their sole reason for such refusal the fact that the owner of the property intends to sell lots and/or lease them on long-term basis?"

The trial court entered the following conclusions of law:

"1. The Zoning Ordinance of Douglasville, Georgia, contains no restriction or prohibition upon the sale and/or long-term lease of lots within mobile home parks in areas zoned for R-5 mobile home park use under Section 74A of said ordinance. 'Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extend beyond their plain and explicit terms.' *Duncan v. Entrekin,* 211 Ga. 311, 312. Accordingly, electrical permits and other necessary documents cannot be denied to plaintiff by defendants solely for the reason that plaintiff intends to sell or lease on a long-term basis individual lots within the subject property.

"2. The stipulation of the parties shows that defendants granted 22 permits but denied permits upon plaintiff's remaining applications. The stipulation also shows that plaintiff 'has expended considerable money, time and effort in developing its property as a mobile home park.' Outside the arguments of counsel, there is nothing in evidence to show that circumstances had in any way changed after issuance of the first 22 permits. If, as defendants contend, plaintiff did not in fact comply strictly with the technical requirements of the Zoning Ordinance or the Land Subdivision Regulations Ordinance, any such technical noncompliance was waived by defendants upon theories of laches or estoppel by issuance of the 22 permits. See *Springtime, Inc. v. Douglas County,* 228 Ga. 753. Moreover, Paragraph 8 of the stipulation recites the plaintiff 'has complied with all usual and customary procedural requirements set by the defendants for issuance by defendants of electrical installation permits and other documents which are necessary in order to make the individual mobile home lots ready for occupancy.' This stipulation is controlling on the issue of compliance with the Douglasville ordinances. See *Holland-America Line v. United Cooperatives, Inc.,* 124 Ga. App. 375 (1). Accordingly, defendants' contentions with respect to non-compliance with the Douglasville Land Subdivision Regulations

Ordinance is without merit.

"3. Defendants contend that plaintiff's recorded 'Declaration of Covenants, Conditions and Restrictions for The Willows, Inc.,' introduced into evidence by defendants, renders plaintiff's property an R-7 condominium/cooperative development subject to the requirements of Section 73A of the Zoning Ordinance. They argue that plaintiff's property is located in an area zoned for R-5 use and cannot therefore be put to an R-7 use. There is nothing, however, in Section 74A or elsewhere in the ordinance of the Zoning Ordinance relative to R-5 use, or elsewhere in the ordinance, which precludes the filing of covenants with respect to, among other things, common use areas in a mobile home park. If any such restriction was intended, it should have been clearly expressed in the ordinance. See *Duncan v. Entrekin,* 211 Ga. 311; *Tuggle v. Manning,* 224 Ga. 29. Moreover, paragraph 7 of the stipulation of the parties shows that plaintiff 'has complied with all substantive requirements expressly enumerated in the City of Douglasville zoning ordinance relative to the permitted use of land as a mobile home park in an area zoned R-5.' Defendants' contention in this regard is without merit.

"Order: On the basis of the foregoing, it is hereby ordered, adjudged and decreed: 1. That plaintiff's intended use of the subject property is in accordance with and permitted by, the City of Douglasville Zoning Ordinance's R-5 mobile home park zoning classification; 2. That mandamus absolute be granted, and the defendants are hereby commanded to issue or cause to be issued to plaintiff all electrical installation permits applied for and such other documents as are necessary to plaintiff's use of the subject property as a mobile home park under the City of Douglasville Zoning Ordinance's R-5 use category; 3. That defendants are enjoined and restrained from doing any acts resulting in the denial or refusal of any electrical installation permits or other documents necessary to plaintiff's use of the subject property as a mobile home park, and are enjoined and restrained from doing any acts which interfere with plaintiff's present and intended use of its property as a mobile home park; 4. That the injunctive relief prayed for

by defendants by way of counterclaim be, and the same is hereby, denied."

We adopt the trial court's conclusions and affirm its judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1976 — DECIDED MARCH 11, 1976.

*James, Johnson & Pitts, Robert J. James,* for appellants.

*Awtry, Parker, Risse, Mangerie & Brantley, A. Sidney Parker, Toby B. Prodgers,* for appellee.