## 54928. YIELD, INC. v. CITY OF ATLANTA.

MCMURRAY, Judge.

Charges of maintaining a nuisance were brought against three businesses known as bath houses at locations in the City of Atlanta. The municipal court ordered same to be closed. Yield, Inc., as the alleged owner, petitioned the Superior Court of Fulton County for the grant of a writ of certiorari. Petitioner contends the judgment in said cases is without evidence to support same, contrary to the law; and "Georgia Code Ann. Section 72-401" and a section of the Atlanta city code of ordinances are unconstitutional and violative of the Georgia Constitution of 1945 as equity jurisdiction is exclusive to the superior court and a municipal court cannot grant affirmative equitable relief as requested by the city solicitor's office. Petitioner also alleges therein that other sections of the "Georgia Code Annotated" and the Atlanta code of ordinances are violative of both the Federal and State Constitutions because they provide for a taking of property without due process and "gives the judicatory discretion in granting a hearing." The petition was filed and sanctioned on the 4th of March, 1977, and the writ issued on March 7, 1977.

The city solicitor filed a motion to clarify or modify

the order (writ) and in turn petitioners filed a petition for contempt. The petition for contempt was later dismissed without prejudice, and the court denied the motion for clarification or modification. Thereafter, on June 14, 1977, the City of Atlanta, as respondent, by and through the office of city solicitor, moved to dismiss on the grounds that the petition did not specify grounds of error, did not include a certified copy of the questioned city ordinance, no agreed transcript of the proceedings below was prepared, and the petitioner failed to procure an answer from the magistrate.

On June 28, 1977, the magistrate answered, admitting the complaints against the three bath houses with reference to charges of maintenance of a nuisance and the finding at a joint trial that the businesses were nuisances and all three ordered closed. But the magistrate denied that the verdict was contrary to the evidence and law, and contends the evidence submitted demanded the verdict rendered. As to the question of equity jurisdiction, this was not denied. He denied the averment that the ordinance and law was unconstitutional and did not answer all of the various constitutional attacks other than to hold that the ruling was properly rendered in the case.

The superior court entered its final order dismissing the writ based upon the fact that no answer had in fact been filed as of June 16, 1977, after being served on the magistrate on March 7, 1977; and only after petitioner requested an answer on June 22, 1977, was the answer filed; the ultimate responsibility for perfecting the appeal was on the petitioner, the trial magistrate was blameless; and the petitioner "is guilty of laches in that they failed to exercise due diligence in perfecting the certiorari and in fact made no efforts whatsoever until approximately 82 days after the answer was due to be filed, and *after* the Motion to Dismiss was filed." This order was dated July 22, 1977. The petitioner appeals. *Held:*

1. The motion to dismiss is denied. The substance of the motion involves the merits of the order of the trial court in dismissing the writ of certiorari.

2. In *Yield, Inc. v. City of Atlanta,* 239 Ga. 578 (238 SE2d 351), the Supreme Court determined that where a

party elects to proceed for the abatement of a nuisance under Code § 72-401, Code Ann. § 72-301 (Ga. L. 1975, pp. 402, 403) serves as an evidentiary standard only, "and its application would not convert the proceeding into an equitable one." That case is similar to this one, hence there is no equity jurisdiction for consideration by the Supreme Court. That court also held that no constitutional attack was made in the trial court, and the constitutional issue was raised for the first time in the application for the writ of certiorari, citing *Zirkle v. State,* 235 Ga. 289 (219 SE2d 389); and *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114). Regardless of the alleged averments of equity jurisdiction and constitutional attacks upon the ordinances and laws, this court has review jurisdiction, and no constitutional attack was raised in the trial court so as to give the Supreme Court jurisdiction.

3. The failure of the magistrate whose decision was to be reviewed by writ of certiorari to file his answer by the date prescribed by law, and not during the first term, and before a motion to dismiss the certiorari was filed, requires this court to affirm the dismissal of the writ. See *Allison v. City of Atlanta,* 109 Ga. App. 114 (1) (135 SE2d 524) and cits. We find nothing in Code Ann. § 19-403 (as amended by Ga. L. 1961, pp. 190, 192), allowing a certiorari proceeding to be amended at any stage "as to matters of form or substance," etc., sufficient to hold that the filing of the answer here would require a reversal of the trial court in ruling that the petitioner failed to exercise due diligence in this case.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED NOVEMBER 1, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 30, 1978 —

*Nadler, Gold & Beskin, Howard A. Gold,* for appellant.

*Mary Welcome, Solicitor, Paul Howard, Jr., Deputy Solicitor,* for appellee.