33476. YIELD, INC. v. CITY OF ATLANTA.

PER CURIAM.
After further consideration of the decision in *Yield, Inc. v. City of Atlanta,* 144 Ga. App. 637 (242 SE2d 478) (1978), this court has decided that the writ of certiorari was improvidently granted.

*Writ dismissed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

ARGUED JUNE 12, 1978 — DECIDED JUNE 30, 1978 —

594

*Hirsch Friedman,* for appellant.
*Mary Welcome, Solicitor, Paul L. Howard, Jr.,* for appellee.

Hill, Justice, dissenting.

The City of Atlanta has this petitioner between the rock and the hard place. In my view this unpopular petitioner is being abused by the system like a speed trap victim in a kangaroo court.

The petitioner's bath house business was closed by order of a magistrate of the municipal court of Atlanta. The method for obtaining review of a decision of that court is by writ of certiorari to the superior court.

Within a week petitioner filed its petition for writ of certiorari in the superior court and that court, after considering the petition, sanctioned it and ordered the city magistrate to answer and send the proceedings in the case to the superior court within 30 days. That same day the city magistrate was served by petitioner with copy of the order and writ. The magistrate did not do what he was ordered to do within the time allowed, the City of Atlanta moved to dismiss the petition based on the city magistrate's failure to answer, the magistrate then belatedly answered, the city insisted upon its motion and the superior court granted the city's motion and dismissed petitioner's petition.

The Court of Appeals affirmed, holding that the failure of the city magistrate (whose decision was to be reviewed by writ of certiorari) to file his answer on time and before the city filed its motion to dismiss, required the affirmance of the dismissal.[1] Thus, by ignoring the order of the superior court, a magistrate can defeat petitioner's right to have the magistrate's decision reviewed. That is no way to operate a judicial system and it is no way for any

---

[1] In *Turner v. State,* 85 Ga. App. 609 (70 SE2d 45) (1952), Judge Townsend characterized this rule as "harsh and illogical." He noted however that its harshness was ameliorated by the fact that a petitioner could refile the

government to treat people or businesses.

However, in this case the magistrate did not ignore the superior court's order. On the contrary, he testified that he contacted the city solicitor's office and asked them to prepare the needed answer for him. He testified without contradiction that the city solicitor's office *agreed to do so.* Instead, the city solicitor's office moved that the petitioner's petition be dismissed because that office had not prepared the magistrate's answer. That is not just harsh; it is an atrocity.

At the hearing in the superior court, the solicitor's office urged that it could not comply with the magistrate's request due to Code § 19-303. The magistrate testified, however, that when he found out he was in default he called and asked the solicitor's office why the answer had not been prepared, and was told: "I don't know."

The superior court ruled that the magistrate was not at fault because he was relying on the solicitor's office (Tr. 30, 32, 38). That court next ruled that as between the petitioner and the solicitor's office, it was petitioner's responsibility to see that the city magistrate's answer was filed on time, not the city solicitor's office. In doing so, the superior court judge noted that it was a close question and that the city has "sort of a double-barrelled gun in this situation."

The superior court judge found no fault with petitioner's counsel and observed that this obscure procedural law needs modifying by the legislature. The solicitor's office expressed agreement.

In fact, the law was modified in 1961 (Ga. L. 1961, pp. 190-193). One case decided since that time (*Allison v. City of Atlanta,* 109 Ga. App. 114 (1) (135 SE2d 524) (1964)), said that the 1961 law was substantially the same as the old law, thereby permitting this trap for the unwary to continue.

---

certiorari within 6 months. He did not comment on the fact that the right to refile within 6 months makes the rule even more illogical than it would otherwise be. Unfortunately, the 6 months probably has expired for this petitioner.

One thing which the 1961 law added which was not there before is the statement that writs of certiorari "shall be answered by the respondent [magistrate, J.P., etc.]. . ." Ga. L. 1961, pp. 190, 191 (Code Ann. § 19-209). Another new provision in the 1961 law was the requirement that the magistrate or clerk serve the answer on the petitioner. If, as the old rule required, the petitioner was supposed to do the magistrate's job for him, i. e., see that the magistrate answered, the petitioner would have the magistrate's answer without the necessity for service upon petitioner. Instead of using the 1961 changes as an opportunity to end this unjust rule, courts have continued to dismiss certioraris based on the magistrates' failures to answer certiorari petitions and orders.

The City of Atlanta is taking advantage of this unjust situation. Although the city has a reputation for leadership in the field of civil rights, the result of this case is detrimental and contrary to that reputation.

We should retain this case and decide petitioner's claims on their merits, if any. I therefore dissent from the dismissal of this case. I am authorized to state that Chief Justice Nichols joins in this dissent.