## 34036. WHAT IT IS, INC. v. JACKSON.

*All the Justices concur, except Hall and Hill, JJ., who dissent.*

ORDERED SEPTEMBER 19, 1978.

HILL, Justice, dissenting.

I respectfully dissent from the denial of the writ of certiorari in this case.

Petitioner filed a petition for writ of certiorari in the Superior Court of Fulton County naming the Mayor of the City of Atlanta as defendant. That petition alleged that the License Review Board for the City of Atlanta had recommended that petitioner's license to sell liquor at two nightclubs be revoked and that the mayor had accepted that recommendation.

Petitioner alleged that the revocation of its license was "irrational, arbitrary, capricious and unsupported by substantial evidence," that the revocation was the result of a campaign of harassment and discriminatory selective enforcement designed to force petitioner out of business as retaliation for petitioner's asserting its legal and constitutional rights, that prejudicial evidence pertaining to matters outside the scope of the charges had been erroneously accepted, that evidence known to be false and unreliable had been accepted from persons who were not sworn as witnesses and thus their testimony could not constitute perjury, that petitioner's subpoena duces tecum was erroneously quashed, and that the foregoing errors deprived petitioner of due process and equal protection required by the Georgia and U. S. Constitutions. It was alleged further that a copy of the entire proceedings was being transcribed and would be filed by amendment.

Petitioner prayed that a writ of certiorari issue and that the respondent be preliminarily and thereafter permanently enjoined from enforcing the revocation of petitioner's license and that the order of revocation be rescinded.

"Certiorari is a writ issued by a superior to an inferior court of record, or to some other tribunal or officer exercising a judicial function, requiring the certification and return of the record and proceedings in order that the record may be revised and corrected in matters of law." 14 AmJur2d 777, Certiorari, § 1. "An application . . . is ordinarily a prerequisite to the issuance of a writ of certiorari. The application or petition is a pleading, and its purpose is to set in motion the proceeding." 14 AmJur2d 810, Certiorari, § 32. "A Petition or other application for a writ of certiorari must comply with the statutory requirements or rules of practice . . . It should

contain a plain and concise statement of material facts, disclose the nature and character of the suit in the trial court, indicate who rendered the decision sought to be reviewed, state the grounds on which the party prosecuting the proceeding seeks relief, show at least prima facie cause for issuance of the writ, state the case with such certainty as will show that some material error or injustice has been done petitioner, and show that substantial justice demands that the writ should issue." 14 AmJur2d 810, Certiorari, § 33.

As originally enacted, the Civil Practice Act did not repeal any specific rule of practice or procedure applicable to certiorari, among other particular proceedings. Ga. L. 1966, pp. 609, 668. This exclusion was amended almost immediately, Ga. L. 1967, pp. 226, 241, and today the Civil Practice Act is applicable to all special statutory proceedings in determining the sufficiency of the pleadings. Ga. L. 1968, pp. 1104, 1109 (Code Ann. § 81A-181). Hence the CPA is applicable here in determining the sufficiency of the pleadings. See also Code Ann. § 81A-101.

In the case before us, the Court of Appeals held that the action of the mayor in revoking the petitioner's liquor license was administrative rather than judicial and because the writ of certiorari lies to correct errors committed by a person exercising a judicial function, the writ of certiorari was not available.

Under these circumstances, it would appear that petitioner should have initiated a suit in equity or for mandamus. The error in my view committed by the trial court and by the Court of Appeals was that having determined that a petition for writ of certiorari was not the proper proceeding, they did not go further and decide whether the proceeding could be maintained under the Civil Practice Act as a suit for injunction, or mandamus, or other available remedy.

Petitioner's petition for certiorari was dismissed on motion for failure to state a claim upon which relief could be granted. There has not been any consideration whatsoever as to whether petitioner is entitled to recover upon any other cause of action other than certiorari. As was stated in *Tri-City Sanitation, Inc. v. Action Sanitation*

*Service, Inc.,* 227 Ga. 489 (181 SE2d 377) (1971), "When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, 'the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.' " In my view, the allegations of this complaint do not disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts and therefore the complaint should not have been dismissed for failure to state a claim upon which relief could be granted. (It should be noted that the defendant would be the same in an injunction or mandamus suit.)

I therefore dissent from the denial of certiorari by this court.