## 34761. RUSSELL et al. v. SMOKERISE BATH & RACQUET CLUB, INC.

NICHOLS, Chief Justice.

Smokerise sought mandamus absolute requiring the DeKalb County Board of Commissioners and the county's development director to issue a permit for installation of lighting on two of its four tennis courts. Smokerise, a nonprofit community recreation club, operated, among other facilities, two tennis courts. In 1973 it applied for a setback variance to construct two additional tennis courts. The variance was granted "with the condition that there are no lights and adequate drainage is provided." When Smokerise applied for a permit to light its two previously existing tennis courts, the county read the lighting portion of this condition as being applicable to all four of the tennis courts. The trial court found that the "no lights" condition as well as the "adequate drainage" condition applied only to the two new tennis courts and that the two original tennis courts met all the zoning requirements for

installation of lights. He ordered the lighting permit to be issued.

1. The county's first two enumerations contend that although the complaint is denominated as being one for mandamus absolute, it really is an appeal or- certiorari that has not been filed within 30 days as required by Code Ann. § 69-1211.1 or by Ga. L. 1943, p. 930 and Ga. L. 1956, p. 3332. Smokerise correctly points out that there is no showing by the county that it, in fact, operates under laws that include the appeal or the certiorari provisions cited in the county's brief. There is no merit in the first two enumerations of error.

2. The next two enumerations of error contend that the trial court erred in holding that the "no lights" condition applies only to the two new courts rather than to all four courts.

The application for the variance from the setback requirements as submitted and as granted in 1973 clearly did not involve the two then-existing tennis courts. The question presented to the trial court was one of whether or not the lighting condition attached to all four tennis courts, although the new courts alone were the subject matter of the 1973 application. The trial court correctly held that the lighting condition should not be applied beyond its plain terms. *City of Douglasville v. Willows, Inc.*, 236 Ga. 488 (224 SE2d 363) (1976). It was not contended that the drainage condition would apply to the old courts. Neither should the county be allowed to extend the plain, objective intent of the lighting condition by testimony that county officers subjectively meant for it to attach to all four courts. *Taylor v. Shetzen*, 212 Ga. 101 (4) (90 SE2d 572) (1955). There is no merit in the third and fourth enumerations of error.

3. The remaining enumeration of error contends that the trial court erred in refusing the county's demand for jury trial. The trial court correctly held that the lighting condition was not ambiguous and that neither judicial construction nor resolution by a jury of any factual issue was required.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 10, 1979 — DECIDED MAY 31, 1979.

*George P. Dillard, Gail C. Flake,* for appellants.
*Harvey, Willard, Elliott & Olsen, Wendell K. Willard,* for appellee.

HILL, Justice, concurring.

One of the first things a judge misses when he goes on the bench is the informal discussion of cases with lawyers. One of the next things a judge becomes aware of is the informal discussion of cases by lawyers in his hearing (the judge wants to make sure that the case is long since finally concluded or that it is in an entirely different judicial forum or system). As a result of these factors, a judge becomes particularly aware of lawyers' discussion of cases.

One of the things I became aware of about a lawyer retelling one of his triumphs (we never mention our losses, if any) is that he is proudest of those he won on a technicality. It is as if a victory on the merits was because the client was in the right and thus the lawyer could add little to the outcome because the client was entitled to win. But a victory on a technicality is a lawyer's proudest moment, because he was astute enough to recognize where his opponent had taken a fatal misstep, had persuaded the court to rule in his favor without deciding the merits, and thereby had won a case which the client perhaps could not have won except for the ability of his counsel. While such a victory may speak well of the lawyer involved, it does not speak well of his adversary or of the judicial system's treatment of the losing client.

Accepting for the moment that victories on technicalities are favored by lawyers over victories on the merits, the case before us could have been a monumental triumph for appellants' counsel.

Smokerise brought a complaint seeking mandamus against the members of the DeKalb County Board of Commissioners and the County Development Director. The County Commissioners defended on the grounds, among others, that the plaintiff was seeking review of a decision of the DeKalb County Board of Appeals, and that

review of such decisions could only be had by an appeal to the superior court pursuant to Code Ann. § 69-1211.1, or by writ of certiorari pursuant to local law, Ga. L. 1943, pp. 930, 938, both brought within 30 days.

Counsel for the plaintiff, formerly attorney for DeKalb County, responds that those two laws are inapplicable because DeKalb County does not operate under Code Ch. 69-12, which becomes applicable only upon election by the county (see Code Ann. § 69-1229), and that the county has ceased operating under the 1943 local law, as well as a subsequent 1956 local law (Ga. L. 1956, pp. 3332, 3340). The former county attorney argues that the current county zoning ordinance was adopted by the Board of Commissioners pursuant to the county's home rule powers contained in the Constitution, Art. IX, Sec. IV, Par. II (15) (Code Ann. § 2-6102 (15)).[1]

It should be noted that the DeKalb County Board of Appeals consists of 7 members, the Board of Appeals created by the 1943 Act consisted of 3 members, the Board created by the 1956 Act consisted of 5 members, and boards of appeals created by Code Ann. § 69-1211 consist of from 3 to 5 members. Because the DeKalb County Board of Appeals has 7 members rather than 3 or 5, it appears that the laws cited by DeKalb County in defending this action are not applicable to DeKalb County. I consider it to be a violation of a citizen's rights for a governmental body to raise inapplicable technicalities in defense of a citizen's lawsuit. Attorney General Arthur Bolton has instructed the attorneys in the State Department of Law to defend lawsuits on their merits, not on technicalities. "A citizen is entitled to a decision of his complaint on the merits," he would say. I recommend this philosophy to all attorneys representing governmental bodies.

Unfortunately the trend appears to be to the contrary. More and more we see governmental attorneys defending against citizens' complaints on technicalities. See *City of Atlanta v. International Society for Krishna Consciousness of Atlanta,* 240 Ga. 96 (239 SE2d 515)

---

[1] See the Editorial Note following § 2.111 of the DeKalb County Code.

(1977); *Yield, Inc. v. City of Atlanta,* 241 Ga. 593 (247 SE2d 764) (1978); *What It Is, Inc. v. Jackson,* 242 Ga. 204 (249 SE2d 614) (1978); *McGarvey v. Bd. of Zoning Appeals of the City of Thomson,* 243 Ga. 714 (1979). See also *Judd v. Valdosta/Lowndes County Zoning Board of Appeals,* 147 Ga. App. 128 (248 SE2d 196) (1978).

As the scope of governments expands, as congestion in the superior courts builds up, and as the number of specialized tribunals increases, the necessity for review by the superior courts of decisions of special tribunals will increase. At the present time there are any number of means of seeking superior court review of decisions of special tribunals: appeal (Title 6, Part I; see also Code Ann. § 69-827), certiorari (Title 19), mandamus (Code Ch. 64-1), prohibition (Code Ch. 64-3), injunction (Code Ch. 55-1).[2] The difficulty is that no matter which means the citizen selects, the governmental body may say, as it did in the case before us, that the wrong means was chosen.

In the preface to his book, Appeals and Certiorari in Lower and Appellate Courts (The Harrison Co., 1978), David E. Betts said: "Because of the very technical nature of the rules and procedures prescribed for exercising rights of review of unfavorable decisions, the practitioner who undertakes to represent clients in seeking review must keep himself abreast of the status of these procedural rules in order to avoid the pitfall of having his case dismissed because of some procedural error. While it is the general policy of the courts of this State to attempt to hear all issues on their merits and not to allow procedural rules to interfere with the process of review, the appellate reports are filled with cases which reveal the inability of practicing attorneys in this State to understand and comply with these rules."

The General Assembly simplified and modernized the procedures for bringing cases to this court and the Court of Appeals in 1965 (Code Ann. § 6-801 et seq.). It is time to simplify and modernize the procedures for bringing decisions of special tribunals to the superior

---

[2]The danger in making this list is that there may be still other means of review.

courts.

I join the majority opinion in this case because here the rights of the citizen were not lost on the basis of a technicality.